## STATE v. P. SYKES.

### *Evidence—Province of Jury.*

It is the duty and privilege of the jury to determine what *is* the testimony in a cause as well as its weight and reliability; *Therefore,* when upon the disagreement of counsel as to what was testified by a witness, the Court stated that both the counsel were wrong, and added that he would so recapitulate the testimony that "it would be moral perjury for a juror to accept the statement of defendant's counsel," *Held,* to be an invasion of the province of the jury, and entitles the defendant to a *venire de novo.*

INDICTMENT for Larceny tried at February Term, 1878, of NEW HANOVER Criminal Court, before *Meares, J.*

That part of the case upon which the decision in this Court is based is as follows: "While the Solicitor was submitting his argument to the jury, he was interrupted by defendant's counsel who asserted that he 'was mis-stating the testimony' of a witness, and the defendant's counsel then

stated what he understood to be the testimony of the witness. The Court thereupon remarked that neither of the counsel had stated the testimony correctly, and the defendant's counsel immediately replied in a positive manner 'that that was a question for the jury.' The Court then remarked that it was true 'that it was a question for the jury to decide, but that the Court intended to state the testimony of the witness to the jury in such a way, that in the opinion of the Court, it would be moral perjury in a juror to accept the statement of defendant's counsel as the correct one.'" The defendant excepted. In instructing the jury upon that part of the evidence about which the above colloquy arose, His Honor said, "that counsel had their feelings enlisted in a cause, and were much interested in the result and were frequently subjected to interruptions while a witness was making his statements on the stand. They sometimes misunderstood a witness, and sometimes their memories were at fault, and that he had to discharge the duty of recapitulating the testimony of witnesses with accuracy, and in order to do so, was compelled to give strict attention to the statement of every witness; that he had no interest in the result of the trial, and while the Court in its opinion had as good a memory and could recollect the testimony of witnesses as well as any other person in the court room, yet out of abundant caution, he was in the habit of taking notes and not unfrequently writing out testimony in full, so as to enable him to state it with perfect accuracy; at the same time it was true as the defendant's counsel had asserted 'that the jury were to judge as to what was the testimony of a witness.'" He then proceeded to state the testimony of the witness, and submitted the case to the jury who found the defendant guilty. Judgment. Appeal by defendant. (See *Davis* v. *Hill,* 75 N. C. 228—opinion.)

*Attorney General,* for the State.
No counsel for the defendant.

READE, J. In all criminal prosecutions every man has the right * * * to have counsel for his defence. Const. Art. I. § 11.

Every person accused of any crime whatever shall be entitled to counsel in all matters which may be necessary for his defence. Bat. Rev. ch. 33, § 59. And in jury trials they (counsel) may argue to the jury the whole case as well of law as of fact. Rev. Code, ch. 31, § 15. This applies to civil as well as criminal causes.

These constitutional and statutory provisions give to parties and to counsel useful rights and ample powers which may not be denied or abridged. It is easy to see that they may be abused by counsel, in which case they may be controlled or punished by the Court, but while within bounds they must be protected.

When counsel is arguing the facts to the jury he must be permitted to argue as he understands them, subject of course to be controlled for gross misrepresentation or perversion; when therefore the defendant's counsel and the Solicitor differed honestly, as we are to suppose, as to the testimony of a witness and His Honor said that neither was right and that he would state it to the jury in such way as that it would be moral perjury in them to accept the statement of the defendant's counsel as the correct one, this remark of His Honor was so disparaging to the counsel that it was well calculated to impair his efficiency. It was the same as to tell the jury that the statement of the defendant's counsel was so manifestly false that there could be no mistake about it; and that if they acted upon it as true, they would be guilty of moral perjury. If the jury could not accept the statement without corruption, no more could the counsel make it fairly; and an unfair dealing with the testimony necessarily destroys the counsel's weight with the jury. The record shows nothing to justify this severity towards the counsel. When the counsel on both sides differed as to the

testimony and His Honor said that neither was right, the counsel for the defendant said that was a question for the jury. This was clearly right, and His Honor admitted it to be right. There was nothing therefore in the remark itself to provoke severity or even reproof; and yet it may be that there was something in the *manner* that was rude, but it is not said to be so in the record. The record does say that "the defendant's counsel replied immediately in a positive manner that that was a question for the jury." That "positive manner" may have meant a great deal, but nothing more is stated.

There is another light in which His Honor's remark was equally objectionable. A Judge has no right to state the testimony of a witness to the jury and say, if you do not accept my statement, or if you accept some other statement, you will be guilty of moral perjury. It is his duty to recapitulate the testimony to the jury and to explain its bearing to aid their memories and understanding and to instruct them as to the law, but what the testimony *is* as well as its *weight* and *influence* are questions for the jury. What His Honor said was calculated to intimidate the jury and to prevent a free verdict.

It is true that His Honor told the jury that it was for them to determine what the testimony of the witness was, but at the same time he told them substantially that if they did not accept it as he stated it to be, that they would be guilty of moral perjury.

We are of the opinion that His Honor abridged the rights of counsel and impaired his efficiency, and that he also invaded the province of the jury. These errors were calculated to prejudice the defendant's case, and therefore there must be a *venire de novo.*

Error.                                    *Venire de novo.*