STATE OF NORTH CAROLINA, RESPONDENT v. ALTON HAYES, PETITIONER.

(Filed 15 April, 1964.)

**1. Criminal Law § 173—**

A delay of some two years in the hearing of a petition for a post-conviction review would seem inexcusable. G.S. 15-217, *et. seq.*

**2. Constitutional Law § 32—**

A defendant charged with a felony, or with a misdemeanor of such gravity that the judge in the exercise of sound discretion deems that justice so requires, is entitled to employ counsel of his own choosing or have the court appoint counsel for him, or appear *in propria persona*, and the appointment of counsel by the prosecuting attorney violates fundamental principles of fair trial.

**3. Constitutional Law § 28—**

Waiver of indictment must be made in writing by defendant and his counsel, which presupposes counsel selected and employed by defendant himself or assigned to him by the judge, and does not include counsel appointed by the prosecuting attorney, and waiver of indictment signed by counsel so appointed is ineffective.

ON *certiorari* from *Bickett, J.,* October 1963 Regular Civil Session of WAKE.

*Attorney General Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*Robert L. McMillan, Jr., for Petitioner Appellant.*

PER CURIAM. The petitioner, Alton Hayes, was tried at the March 1959 Criminal Term of Wake Superior Court on the charge of crime against nature. The offense was allegedly committed on 10 March 1959 while petitioner was incarcerated at Central Prison in consequence of a conviction for larceny of an automobile. On 18 March 1959 petitioner was brought from prison directly into superior court. Solicitor Lester V. Chalmers, Jr., prepared in writing an information charging crime against nature, and the accused and attorney George M. Anderson signed a writing whereby the accused waived "the finding and return into court of a bill of indictment" (G.S. 15-140.1) and pleaded guilty to the charge. After hearing the evidence, Williams, Judge Presiding, imposed a prison sentence of eighteen years to run concurrently with the sentence the accused was serving for larceny.

In October 1961 Alton Hayes filed in the superior court of Wake County a petition for a post-conviction review (G.S. 15-217 to G.S. 15-219) alleging that in his trial on the charge of crime against nature he was denied certain constitutional rights — among others, denial of counsel. On 14 February 1962 the solicitor filed an answer denying the material allegations of the petition. G.S. 15-220. Attorney Robert L. McMillan, Jr., was appointed to represent petitioner. The matter came on for hearing at the October 1963 Civil Session before Bickett, J. After a full hearing (G.S. 15-221) the judge found facts; one of the findings is that "Alton Hayes was represented by counsel in the complained of case." The judge concluded that petitioner had been denied no substantial constitutional right and ordered the petition dismissed. Petitioner applied to this Court for *certiorari*. G.S. 15-222. The petition was allowed 17 January 1964.

Incidentally, there is no explanation of the delay of two years in granting a hearing on the petition. The fact that the dockets are crowded and the courts are hard pressed in attempting to keep court calendars current is well known to us. Yet, it seems inexcusable that a prisoner should be required to wait two years for a hearing on his complaint that his fundamental rights have been denied.

Mr. Anderson, petitioner's counsel of record at the criminal trial, was not selected or employed by the prisoner. He (Anderson) testified

before Judge Bickett: "I don't recall that I was actually appointed by the Presiding Judge, but I was asked by the Solicitor to consult with Alton Hayes, as I recall it . . ." He advised the prisoner of the seriousness of the charge, the penalty involved, and that he could plead not guilty and be tried by a jury. Anderson testified further: "He (Hayes) wanted to get rid of the case, wanted it disposed of . . . He told me . . . that he was guilty of it and he seemed somewhat unconcerned about it . . ."

It is established law that a person charged with a criminal offense is entitled (1) to select, employ and be represented by counsel, or (2) to have the court appoint counsel to represent him if he is without means to employ one of his own choosing (when he is charged with a felony, or when he is charged with a misdemeanor of such gravity that the judge in the exercise of sound discretion deems that justice so requires), or (3) to waive representation by counsel and conduct his own defense. At the time of petitioner's trial in 1959 this right was not so extensively and affirmatively enforced as it is at the present time. But disregarding the recent developments in this area of constitutional rights, the purported assignment of counsel for petitioner on the occasion in question would not have complied with the constitutional guaranty and the statutory requirements as they have been understood and applied at any past era in this jurisdiction. Under G.S. 15-140.1 a defendant can waive a bill of indictment in a felony case only "when represented by counsel and when both the defendant and his counsel sign a written waiver of indictment." This presupposes counsel selected and employed by the defendant himself or assigned to him by the judge. It certainly does not include counsel assigned by the prosecuting attorney. Fundamental fairness requires that assignment of counsel be made by one in a position of impartiality — the judge. A defendant is entitled to a fair trial, and this means fairness in each and every phase of the trial process and preparation therefor. A defendant is entitled to be advised in the matter of waiving indictment by counsel who has no obligation other than his (the accused's) best interests and proper defense.

We hasten to explain that the good faith and motives of the Solicitor and Mr. Anderson are not questioned. Both are eminent members of the bar and they had no thought of unfairness and no intention to deny defendant any right. Defendant insisted that he was guilty and wanted the matter disposed of. He probably would have fared no better had he been represented by an attorney of his own choosing. Yet, a procedure was followed which we have no choice but to condemn, however innocently and inadvertently employed.

The waiver of the bill of indictment is set aside, petitioner's plea of guilty and the judgment pronounced thereon are vacated. The State

may, if it so elects, prosecute petitioner on the said charge of crime against nature upon a proper bill of indictment or a proper waiver thereof, provided such action is taken within a reasonable time. Otherwise petitioner will be discharged. The cause is remanded to the superior court for proper orders and procedures in compliance herewith.

Error and remanded.