STATE v. JOHN C. BENNETT.

(Filed 23 March, 1966.)

**Constitutional Law § 32—**

The appointment of counsel for a defendant charged with a misdemeanor is within the sound discretion of the presiding judge, and no abuse of discretion is shown in this case in the refusal to appoint counsel for a certified public accountant fined $25.00 upon conviction of a misdemeanor.

MOORE, J., not sitting.

APPEAL from *Houk, J.,* November 1st. 1965, Schedule "B", Criminal Superior Court, MECKLENBURG County.

The Charlotte City Code, Section 13-13, makes it unlawful for any person to commit a breach of the peace . . . or for any person to disturb the good order and quiet of the city by fighting . . . using profane, boisterous and indecent language. The penalty is imprisonment of not more than thirty days or a fine of not more than $50.00. The defendant was charged with violating this ordinance on October 14, 1965. He was convicted in the Charlotte Recorders Court on October 22, 1965 and was ordered to serve thirty days in jail, suspended on the condition he pay a fine of $25.00 and the costs. He appealed and on November 8, 1965 was tried in the Superior Court and upon conviction and judgment pronounced thereon, assigned errors and appealed to the Supreme Court.

*John C. Bennett, in propria persona, for the defendant.*
*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney for the State.*

PER CURIAM. The defendant makes nine assignments of error but in his brief says "I am not familiar with the law on trial procedure and I am; therefore, unable to comment on these exceptions," referring to exceptions five through nine inclusive. In Rules of Practice in the Supreme Court, Section 28, 254 N.C. 810, these exceptions are "taken as abandoned" but we have, nevertheless, given them consideration and find no substantial error.

The remaining exceptions, one to four, relate to the defendant's request that the court appoint counsel for him and the court's refusal to do so. There is no sufficient showing that the defendant is indigent since it appears that the defendant is a certified public accountant, drives his own car, and has an income of "about" $3,000.

The North Carolina General Statutes 15-4.1 says ". . . the judge may, in his discretion appoint counsel for an indigent defendant charged with a misdemeanor if, in the opinion of the judge, such

appointment is warranted." By the action of the trial judge in denying the defendant's request that counsel be appointed for him, the judge demonstrated that in his opinion such an appointment was not warranted, and in this we concur. This was a petty misdemeanor and was tried in the Superior Court because the defendant refused to pay a $25.00 fine. The evidence of his guilt was impressive and he could have had little hope of being acquitted in the Superior Court even with the assistance of the most astute counsel.

We do not conceive it to be the absolute right of a defendant charged with a misdemeanor, petty or otherwise, to have court-appointed and-paid counsel. To hold differently would mean that one charged with overtime parking could require the state to provide counsel at many times the expense of the trivial fine involved.

The Statute with reference to the appointment of counsel for indigent defendants charged with misdemeanors leaves the matter to the sound discretion of the presiding judge. Some misdemeanors and some circumstances might justify the appointment of counsel, but this is not true in all misdemeanors. The facts of an individual case would determine the action of the court and it is not intended that anything in this opinion shall restrict or require the appointment of counsel in any given case.

We find

No error.

MOORE, J., not sitting.