### STATE v. CLAIBORNE LEE SHERRON.

(Filed 14 December, 1966.)

**Constitutional Law § 32—**

> In a prosecution for a misdemeanor it is within the discretion of the trial judge whether an indigent defendant should be appointed counsel, and the mere fact that defendant is silent in regard to the appointment of counsel has no tendency to show that the court abused its discretion in failing to appoint counsel.

APPEAL by defendant from Hobgood, J., at 30 May, 1966 Term of Criminal Court of DURHAM County.

At the term of criminal court in Durham County which began on Monday, 30 May, 1966, and at which Hon. Hamilton H. Hobgood was the presiding judge, the defendant was tried and convicted in two misdemeanors. He was acquitted upon a third which was tried at the same time. It was a charge of assault upon a female, to wit: Bobby Jean Vess. The other cases were charges of malicious injury to personal property (damaging the right front door of a 1964 Ford belonging to Bobby Jean Gordon, and the left front door of a 1958 Thunderbird belonging to M. F. House, Jr.).

The State's evidence tended to show that the defendant and Bobby Jean Vess had an argument which resulted in a fight wherein each slapped the other. At the time, they were parked in the Gordon car at a drive-in eating place. When he was ordered out of the car by Gordon the defendant threw a glass milk jar at the car but it was caught by Bobby Jean Vess and did no damage. The defendant then threw a soft drink bottle through Gordon's car window, breaking it

and damaging House's Thunderbird which was standing next to the Gordon car.

The defendant testified that he was mad, that he threw the bottle because he was angry, but he did not break the car window intentionally, that he just "throwed" the bottle.

Upon his conviction Judge Hobgood consolidated the two malicious injury cases for judgment and imposed a prison sentence of 90 days.

The following week a new term of court was convened in Durham County at which the Hon. John R. McLaughlin was the presiding judge. The defendant gave notice of appeal to the Supreme Court before Judge McLaughlin. At that time, at the defendant's request, the court appointed an attorney, Mr. Anthony Brannon, who perfected the appeal and represented the defendant in this Court.

Until then (before Judge Hobgood) the defendant had not been represented by an attorney, the record showing no request or state of indigence.

The defendant's appeal is based exclusively upon his claim that the court should have appointed counsel to represent him.

*T. W. Bruton, Attorney General, Ralph Moody, Deputy Attorney General for the State.*

*Anthony M. Brannon for defendant appellant.*

PLESS, J.  G.S. 15-4.1. When a defendant charged with a felony is not represented by counsel, before he is required to plead, the judge of the Superior Court shall advise the defendant that he is entitled to counsel. If the judge finds that the defendant is indigent and unable to employ counsel, he shall appoint counsel for the defendant but the defendant may waive the right to counsel in all cases except a capital felony by a written waiver executed by the defendant, signed by the presiding judge and filed in the record in the case. The judge may in his discretion appoint counsel for an indigent defendant charged with a misdemeanor if in the opinion of the judge such appointment is warranted unless the defendant executes a written waiver of counsel as above specified.

Interpreting the statute, it is clearly apparent that the Legislature intended to make a distinction between the right of one charged with a felony to have court-appointed counsel and the duty to appoint attorneys for persons charged with a misdemeanor. It places upon the judge the affirmative duty to advise the defendant in felony cases that he is entitled to counsel and to appoint counsel for him if he is indigent, or unless the defendant executes a written waiver of his right thereto. None of these provisions are included as to misde-

meanors, and even for an indigent defendant the judge may exercise his discretion as to appointing counsel, and shall do so only when the judge is of the opinion that the appointment is warranted.

In the recent case of *S. v. Bennett*, 266 N.C. 755, 147 S.E. 2d 237, we said: "We do not concede it to be the absolute right of a defendant charged with a misdemeanor, petty or otherwise, to have court-appointed and-paid counsel * * * The statute * * * leaves the matter to the sound discretion of the presiding judge. Some misdemeanors and some circumstances might justify the appointment of counsel, but this is not true in all misdemeanors."

Until the Supreme Court of the United States holds otherwise, we shall continue to follow the ruling in the *Bennett* case, *supra*.

That Court had the opportunity in the recent case of *Winters v. Beck*, 35 Law Week 3139 (October, 1966) to hold that all persons charged with any kind of misdemeanor were entitled to court-appointed counsel, but declined to do so.

There the defendant was charged with a violation of an Arkansas statute against immorality, a misdemeanor, for which the punishment could have been as much as three years. He was not represented by counsel, was convicted, and received a sentence of some nine months. The Supreme Court of Arkansas held that his constitutional rights had not been violated. He sought *certiorari* to the Supreme Court of the United States, which was denied. It is difficult to believe that this North Carolina defendant would be looked upon more favorably than the Arkansas defendant when his complaint was the same and his sentence was only 90 days out of a possible four years.

The defendant, quoting from *Carnley v. Cochran*, 369 U.S. 506 (1962), and referring to *Gideon v. Wainwright*, 372 U.S. 335 (1963), says: "Presuming waiver from a silent record is impermissible, the record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver."

Both the cited cases deal with felonies. The Court has made no such statement regarding misdemeanors. Neither has it in any case we can find put a responsibility on a State court greater than that imposed by its State statute.

Here, with no record to support it, the defendant can prevail only if we hold that the silence of the record must be interpreted to mean that the judge should have found that the appointment of counsel was warranted, that the defendant was indigent, and that the Court abused his discretion in failing to appoint counsel.

It is apparent that the defendant has been treated with consideration and he cannot complain at the result. Upon his own state-

ment he is guilty of the two charges of malicious injury to personal property, and is quite fortunate to receive such a light sentence. One who is reckless enough to throw two glass bottles at a car with three occupants cannot claim he was mistreated by the sentence pronounced. We doubt if any lawyer, regardless of experience or ability, could have obtained a better result for him.

In the view of the defendant's unquestioned guilt and the very considerate sentence imposed, he would have nothing to gain if awarded a new trial.

No error.