STATE OF NORTH CAROLINA v. THOMAS BERNARD MORRIS

No. 414

(Filed 21 January 1969)

**1. Automobiles § 130— driving while under influence — punishment**
   The offense of operating an automobile upon the public streets while under the influence of intoxicating liquor is a general misdemeanor for which an offender, for the first offense, may be imprisoned for two years in the discretion of the court. G.S. 20-138, G.S. 20-179.

**2. Constitutional Law § 32— right to counsel**
   A defendant has a constitutional right in all criminal cases to be rep-resented by counsel selected and employed by him.

**3. Constitutional Law § 32— right to counsel**

Where a defendant is aware of his constitutional right to counsel, failure of officers to so advise him is harmless.

**4. Constitutional Law § 32— right to counsel in felony case — duty of trial judge**

With respect to every defendant charged with a felony and not represented by counsel, the judge of the superior court is required to (1) advise defendant that he is entitled to counsel, (2) ascertain if defendant is indigent and unable to employ counsel, and (3) appoint counsel for each defendant found to be indigent unless the right to counsel is intelligently and understandingly waived. G.S. 15-4.1.

**5. Constitutional Law § 32— right to counsel where defendant charged with misdemeanor amounting to a serious offense**

By virtue of the Sixth and Fourteenth Amendments to the Constitution of the United States, a defendant who is charged with a misdemeanor amounting to a serious offense has a constitutional right to the assistance of counsel during his trial; G.S. 15-4.1, insofar as it purports to leave to the discretion of the trial judge the appointment of counsel for indigent defendants charged with misdemeanors amounting to a serious offense, is unconstitutional. *State v. Hayes*, 261 N.C. 648, and *State v. Sherron*, 268 N.C. 694, are no longer authoritative.

**6. Constitutional Law § 32; Criminal Law § 4— "serious offense" defined**

A serious offense is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine.

**7. Constitutional Law § 37— waiver of counsel**

Waiver of counsel may not be presumed from a silent record.

**8. Constitutional Law § 32— right to counsel in prosecution for misdemeanor amounting to serious offense — duty of trial judge**

Where defendant is charged with a misdemeanor amounting to a serious offense and is not represented by privately employed counsel, the presiding judge must (1) settle the question of defendant's indigency and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived; these findings and determinations should appear of record.

**9. Constitutional Law § 30; Criminal Law § 99— duty of trial judge to aid defendant on defense**

A trial judge is not required by either the Federal or State Constitutions to aid a defendant on trial before him in the presentation of his defense.

**10. Searches and Seizures § 1— applicability of immunity**

The question of constitutional immunity to illegal searches and seizures does not arise where police officers were invited into defendant's home by defendant and his wife and no search was conducted.

**11. Criminal Law § 75— evidence of defendant's statements and intoxication — absence of warning of rights**

Where conversation between defendant and police officers took place in defendant's home and defendant was not in custody, the officers' testimony as to defendant's intoxicated condition and as to the statements made by defendant are admissible in evidence notwithstanding defendant was not advised as to his Fifth Amendment rights.

**12. Criminal Law § 138— trial in superior court by appeal from inferior court — imposition of greater sentence**

Upon appeal from an inferior court for a trial *de novo* in the superior court, the superior court may impose punishment in excess of that imposed in the inferior court provided the punishment imposed does not exceed the statutory maximum.

APPEAL by defendant from decision of the Court of Appeals upholding judgment of *McLaughlin, J.,* at the January 1968 Mixed Session, DAVIDSON County Superior Court.

On 16 October 1967 defendant was tried in the Recorder's Court of Thomasville upon five warrants charging him with the following offenses: (1) operating a motor vehicle on a public street in Thomasville while under the influence of intoxicants, (2) disorderly conduct and creating a disturbance by cursing and using profanity and indecent language in a loud and boisterous manner in the presence of divers people while on a public street in the City of Thomasville, (3) hit and run doing property damage of $100 or more, (4) public drunkenness, and (5) resisting arrest and assaulting an officer. Attorney Charles F. Lambeth, Jr., privately employed, represented him. The judge of the Recorder's Court dismissed the charge of hit and run but found defendant guilty on the other four charges. Judgments were pronounced as follows: On the charge of operating a motor vehicle on the public streets of Thomasville while under the influence of intoxicants, twelve months in prison suspended for two years on condition defendant (a) be of good "character" and violate no laws, (b) spend three nights in the city jail from 6 p.m. to 6 a.m., (c) not drive a motor vehicle for twelve months, and (d) pay a fine of $100 and costs. In the other three cases prayer for judgment was continued on condition defendant comply with the judgment above set out and pay the costs in the case in which defendant was found guilty of resisting arrest and assaulting an officer.

Defendant gave notice of appeal to the Superior Court of Davidson County in all four cases.

In the Superior Court the State took a nol pros on the charges of disorderly conduct, resisting arrest and assaulting an officer, and public drunkenness. Defendant was placed upon trial on the charge

of operating a motor vehicle upon a public street while under the influence of intoxicants. Defendant, appearing without counsel, entered a plea of not guilty. A jury of twelve was duly empaneled, and evidence was offered by both the State and defendant as hereinafter set out.

The State's evidence tends to show that on 24 September 1967 George Burton, a police officer of the City of Thomasville who was off duty at the time, saw defendant leave a nearby house, stagger down the steps, and enter a white 1959 Chevrolet parked on the left side of the street. An elderly man, who was later a witness for the defendant, came out of the same house and got in the car as a passenger. Defendant started the car, attempted to go forward and killed the motor. He cranked up again and struck some mailboxes on the left curb as he drove away. He was "kind of weaving" and driving on the left side of the street.

Officer Burton directed his wife to call the police and then followed defendant in his own personal car. He momentarily lost sight of defendant in the traffic but shortly came upon the white 1959 Chevrolet, bearing the license number he had previously noted, parked in a driveway beside a house. He stopped and was joined by Officers Smith and Batten who arrived in a patrol car. Defendant's wife answered their knock on the door and invited the three officers into the house.

Inside the house Officer Burton told defendant the people were angry because their mailboxes had been knocked down and requested defendant to do something about them. Defendant was highly intoxicated, became very belligerent, cursed the officers and called Officer Batten a "white s. o. b.", and told them to leave his house. He continued cursing them as they left and followed them into the street where Officer Smith placed him under arrest. He was charged in five separate warrants as above detailed.

Defendant, as a witness in his own behalf, testified he was driving his motor vehicle on the day in question and struck the mailboxes referred to by the officers but denied he was under the influence of intoxicants. Defendant's wife testified that he had been home about 45 minutes when the officers arrived; that when they knocked defendant invited them in; that defendant was practically asleep but not drunk. W. C. Henderson testified that he and defendant were together on September 24 and defendant did not appear to be under the influence or drinking. He said defendant took him home that day but didn't have any liquor. He admitted that he and defendant were "old drinking buddies." Defendant called Officer Smith

as a defense witness. This officer's testimony corroborated that of the two officers who testified for the prosecution. He stated that he and Officer Batten arrived at defendant's home within 10 minutes after receiving the call; that defendant was under the influence of intoxicants when they arrived and was still drunk several hours later in the jail when defendant's wife came to bail him out, and that defendant was kept in jail overnight.

The jury convicted defendant of driving a motor vehicle on a public street while under the influence of intoxicants, and the judge imposed an active prison sentence of 18 months. Defendant appealed to the Court of Appeals and was represented before that tribunal by privately employed counsel. That Court upheld his conviction and sentence, 2 N.C. App. 262, 163 S.E. 2d 108, and defendant in apt time appealed to the Supreme Court asserting violations of his constitutional rights in four particulars as follows:

1. Under the Sixth and Fourteenth Amendments to the Federal Constitution and under Article I, Secs. 11 and 17, of the State Constitution his rights were violated in that the trial court failed to advise defendant (a) of his right to retain counsel, (b) of his right to have counsel appointed for him if he could not afford counsel, and (c) of the possible adverse consequences of standing trial without counsel.

2. Under the Sixth and Fourteenth Amendments to the Federal Constitution and Article I, Sec. 17, of the State Constitution his rights were violated in that the trial court failed to adequately aid defendant in the presentation of his defense without counsel.

3. Under the Fourth, Fifth and Fourteenth Amendments to the Federal Constitution and Article I, Secs. 11, 15 and 17 of the State Constitution his rights were violated in that the trial court admitted (a) statements made by the defendant to police officers when said officers had not advised defendant of his Fifth Amendment rights and (b) the testimony of police officers based on information obtained by illegal search and seizure.

4. Under the Fifth and Fourteenth Amendments to the Federal Constitution and Article I, Sec. 17, of the State Constitution his rights were violated in that defendant received a greater sentence in the superior court than he received in the Recorder's Court of Thomasville.

Defendant is represented before this Court by privately employed attorneys.

*Chambers, Stein, Ferguson & Lanning, Attorneys for defendant appellant.*

*Thomas Wade Bruton, Attorney General; William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

HUSKINS, J.

G.S. 20-138 provides in pertinent part that "[i]t shall be unlawful and punishable, as provided in § 20-179, for any person . . . who is under the influence of intoxicating liquor . . . to drive any vehicle upon the highways within this State."

G.S. 20-179 provides *inter alia* that "[e]very person who is convicted of violating § 20-138, relating to . . . driving while under the influence of intoxicating liquor . . . shall, for the first offense, be punished by a fine of not less than one hundred dollars ($100.00) or imprisonment for not less than thirty (30) days, or by both such fine and imprisonment, in the discretion of the court."

[1]    In *State v. Lee*, 247 N.C. 230, 100 S.E. 2d 372 (1957), where defendant had been convicted of driving an automobile upon a public highway of the State while under the influence of intoxicants and given an active sentence of not less than eighteen nor more than twenty-four months, it was held: "G.S. 20-179 fixes no maximum period of imprisonment as punishment for the first offense of a violation of G.S. 20-138, and it is well settled law in this jurisdiction that when no maximum time is fixed by the statute an imprisonment for two years will not be held cruel or unusual punishment, as prohibited by Art. I, Sec. 14, of the State Constitution. (Citations omitted.) The judgment entered in this case was within the limits authorized by G.S. 20-179." Thus the offense condemned by G.S. 20-138 is a general misdemeanor for which an offender, for the first offense, may be imprisoned for two years in the discretion of the court.

As his first assignment of error, defendant asserts that under the Sixth and Fourteenth Amendments to the Federal Constitution and under Article I, Secs. 11 and 17, of the State Constitution his rights were violated in that the trial court failed to advise him (a) of his right to retain counsel, (b) of his right to have counsel appointed for him if he could not afford counsel, and (c) of the possible adverse consequences of standing trial without counsel.

[2, 3]    A defendant has a constitutional right in all criminal cases to be represented by counsel selected and employed by him. *State*

*v. Sykes,* 79 N.C. 618 (1878); *State v. Hardy,* 189 N.C. 799, 128 S.E. 152 (1925); *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520 (1948); *State v. Hayes,* 261 N.C. 648, 135 S.E. 2d 653 (1964). Where he is aware of such right, as here, failure of the officers to so advise him is harmless. The right to assigned counsel in case of indigency, however, is another question. If an indigent defendant is charged with a general misdemeanor the punishment for which may be two years in prison, what are his constitutional rights with respect to counsel?

*Betts v. Brady,* 316 U.S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252 (1942), held that failure or refusal to appoint counsel for an indigent defendant charged with a felony in a State court did not necessarily violate the Due Process Clause of the Fourteenth Amendment because the Sixth Amendment provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense" applied only to the federal courts and meant that counsel must be provided in federal courts for indigent defendants unless the right was intelligently waived. Appointment of counsel for an indigent defendant in a State court was not required unless after appraising "the totality of facts in a given case" refusal to provide counsel amounted to "a denial of fundamental fairness, shocking to the universal sense of justice" in violation of the Due Process Clause of the Fourteenth Amendment. *Betts* established the rule that the Sixth Amendment's guaranty of counsel for indigent defendants in the federal courts was not made obligatory upon the states by the Fourteenth Amendment. This was recognized as the law of the land until *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963), which overruled *Betts* and held that the Sixth Amendment is made obligatory upon the states by the Due Process Clause of the Fourteenth Amendment because the right to counsel is fundamental and essential to a fair trial. But to what extent the rule enunciated applies to misdemeanors is not answered by *Gideon.*

[4]     G.S. 15-4.1, enacted as a result of *Gideon,* provides: "When a defendant charged with a felony is not represented by counsel, before he is required to plead the judge of the superior court shall advise the defendant that he is entitled to counsel. If the judge finds that the defendant is indigent and unable to employ counsel, he shall appoint counsel for the defendant. . . . *The judge may in his discretion appoint counsel for an indigent defendant charged with a misdemeanor if in the opinion of the judge such appointment is warranted. . . .*" (Emphasis added.) Thus, by statute in North

Carolina, the judge of the superior court, with respect to every defendant charged with a felony and not represented by counsel, is required to (1) advise the defendant that he is entitled to counsel, (2) ascertain if defendant is indigent and unable to employ counsel, and (3) appoint counsel for each defendant found to be indigent unless the right to counsel is intelligently and understandingly waived. With respect to those charged with a misdemeanor, however, the statute permits the judge in the exercise of his discretion to appoint counsel for indigent defendants if in the opinion of the judge such appointment is warranted.

In *State v. Bennett*, 266 N.C. 755, 147 S.E. 2d 237 (1966), defendant was charged with a petty misdemeanor the punishment for which could not exceed imprisonment for thirty days or a fine of $50. The record disclosed that defendant was a certified public accountant, drove his own car, and had an income of "about $3,000." His request for court-appointed counsel was refused. The court said: "The Statute with reference to the appointment of counsel for indigent defendants charged with misdemeanors leaves the matter to the sound discretion of the presiding judge. Some misdemeanors and some circumstances might justify the appointment of counsel, but this is not true in all misdemeanors. The facts of an individual case would determine the action of the court and it is not intended that anything in this opinion shall restrict or require the appointment of counsel in any given case."

In *Cheff v. Schnackenberg*, 384 U.S. 373, 16 L. Ed. 2d 629, 86 S. Ct. 1523 (1966), defendant was sentenced by the Seventh Circuit Court of Appeals to six months' imprisonment for violating an order of that court. On certiorari, the Supreme Court of the United States affirmed, holding the proceedings equivalent to a prosecution for a petty offense and that the right of trial by jury in criminal cases secured by Article III, Sec. 2, of the Federal Constitution, and by the Sixth Amendment thereto, does not extend to petty offenses. Accord, *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 20 L. Ed. 2d 538, 88 S. Ct. 1472 (1968).

In *State v. Hayes*, 261 N.C. 648, 135 S.E. 2d 653 (1964), wherein defendant was charged with a felony, the court said:

> "It is established law that a person charged with a criminal offense is entitled (1) to select, employ and be represented by counsel, or (2) to have the court appoint counsel to represent him if he is without means to employ one of his own choosing (when he is charged with a felony, or when he is charged with a misdemeanor of such gravity that the judge in the exercise

of sound discretion deems that justice so requires), or (3) to waive representation by counsel and conduct his own defense."

In *State v. Sherron,* 268 N.C. 694, 151 S.E. 2d 599 (1966), defendant was tried for three misdemeanors and convicted on two charges of malicious injury to personal property with a maximum authorized punishment of two years in prison in each case. The two cases were consolidated for judgment and a prison sentence of ninety days imposed. The defendant was not represented by counsel in his trial in the superior court, and the record on appeal was completely silent with respect to indigency or request for appointment of counsel. The court held that G.S. 15-4.1 places upon the trial judge "the affirmative duty to advise the defendant in felony cases that he is entitled to counsel and to appoint counsel for him if he is indigent, or unless the defendant executes a written waiver of his right thereto. None of these provisions are included as to misdemeanors, and even for an indigent defendant the judge may exercise his discretion as to appointing counsel, and shall do so only when the judge is of the opinion that the appointment is warranted."

It should be noted, however, that recent decisions of the United States Supreme Court do not support the views expressed in *Hayes* and *Sherron.* Two years after our decision in *Sherron,* that Court decided *Duncan v. Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968), wherein defendant was charged with simple battery, a misdemeanor punishable by a fine of not more than $300 or imprisonment of not more than two years, or both. Defendant's demand for a jury trial was denied by the trial court on the grounds that the Louisiana Constitution authorizes trial by jury only in capital cases or cases in which hard labor is the prescribed punishment. Defendant was convicted and sentenced to sixty days in jail and fined $150. The Supreme Court of Louisiana denied review, and on appeal the Supreme Court of the United States reversed, holding that (1) trial by jury in criminal cases is fundamental to the American scheme of justice and guaranteed by the Fourteenth Amendment in all criminal cases which, if tried in a federal court, would command a jury trial under the Sixth Amendment, and (2) a crime punishable by two years in prison is a serious crime — not a petty offense — and thus requires a trial by jury.

In *Bloom v. Illinois,* 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477 (1968), defendant was charged with criminal contempt for which Illinois law provided no maximum punishment. Motion for a jury trial was denied, and defendant was found guilty and sentenced to prison for twenty-four months. The Supreme Court of Illinois affirmed,

and on certiorari the Supreme Court of the United States reversed, holding that prosecutions for *serious* criminal contempt are subject to the jury trial provisions of Article III, Sec. 2, of the Federal Constitution, and of the Sixth Amendment thereto, which is binding upon the States by virtue of the Due Process Clause of the Fourteenth Amendment.

[5, 6]　Although the United States Supreme Court has not stated precisely where the line falls between crimes and punishments that are "petty" and those that are "serious," *Cheff* makes it clear that a six months' sentence is short enough to be petty while *Duncan* and *Bloom* make it equally clear that a crime punishable by two years in prison is a serious offense. In the federal system petty offenses are defined by statute as those punishable by not more than six months in prison and a $500 fine. 18 U.S.C. § 1. Hence, any federal crime the authorized punishment for which exceeds six months in prison and a $500 fine is a serious offense which entitles the offender to trial by jury under Article III, Sec. 2, of the Federal Constitution and under the Sixth Amendment. Since the provisions of the Sixth Amendment with respect to assistance of counsel, as well as trial by jury, are binding upon the states by the Due Process Clause of the Fourteenth Amendment, *Gideon v. Wainwright, supra* (372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963)), we hold that defendant here, who is charged with a serious offense, has a constitutional right to the assistance of counsel during his trial in the superior court and that G.S. 15-4.1, insofar as it purports to leave to the discretion of the trial judge the appointment of counsel for indigent defendants charged with serious offenses, is unconstitutional. A serious offense is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine. The cases of *State v. Hayes, supra* (261 N.C. 648, 135 S.E. 2d 653 (1964)), and *State v. Sherron, supra* (268 N.C. 694, 151 S.E. 2d 599 (1966)), are no longer authoritative.

[7]　In the case before us, defendant was represented by privately employed counsel in the Recorder's Court of Thomasville and on appeal to the Court of Appeals and to this Court. Yet in the trial of his case before a jury in the superior court he had no counsel. Was he able to employ counsel? Was he indigent? Did he request appointment of counsel? Did he waive the right to counsel? The record is silent. Waiver of counsel may not be presumed from a silent record. "The record must show, or there must be an allegation and evidence which show, that an accused · was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran,* 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884

(1962); *State v. Bines*, 263 N.C. 48, 138 S.E. 2d 797 (1964). This is in accord with constitutional principles enunciated thirty years ago in *Johnson v. Zerbst*, 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938), in the following language:

> "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

[8] Where defendant is charged with a serious crime, it is equally important for the trial judge to determine in the first instance the question of indigency and for the record to show whether lack of counsel results from indigency or choice.

For failure of the trial judge to determine indigency and appoint counsel to represent defendant if indigent, the judgment must be vacated and a new trial ordered. At the next trial if defendant is not represented by privately employed counsel, the presiding judge shall (1) settle the question of indigency, and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived. These findings and determinations should appear of record.

[9] A trial judge is not required by either the Federal or State Constitutions to aid a defendant on trial before him in the presentation of his defense. There is no merit in defendant's Second Assignment of Error.

[10, 11] There is no evidence in this case of a search and seizure, unreasonable or otherwise. The police officers were invited into defendant's home by defendant and his wife. No search was conducted. None was necessary. Hence, the constitutional immunity to illegal searches and seizures does not arise. 47 Am. Jur., Searches and Seizures, Sec. 20. The conversation which ensued may not be likened to police interrogation while a defendant is in jail or after prolonged questioning. Defendant was not in custody. There is no evidence that defendant was coerced by the officers or that he was in fear of them or that the officers induced any statement by him through any suggestion of hope or fear. Defendant was in his own home and not in

a "police dominated atmosphere." Furthermore, defendant's statements were not in the nature of a confession. They were decidedly to the contrary. It was no violation of his constitutional rights for the officers to observe him, converse with him, and testify respecting his state of insobriety. There is no merit in defendant's Third Assignment of Error.

[12] The fact that defendant received a greater sentence in the superior court than he received in the Recorder's Court of Thomasville is no violation of his constitutional or statutory rights. Upon appeal from an inferior court for a trial *de novo* in the superior court, the superior court may impose punishment in excess of that imposed in the inferior court provided the punishment imposed does not exceed the statutory maximum. *State v. Tolley,* 271 N.C. 459, 156 S.E. 2d 858 (1967). In *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371 (decided December 9, 1968), Sharp, J., speaking for the Court, exhaustively treats the subject of greater sentences upon retrial and adheres to former decisions of this Court that the whole case is tried *de novo* and the former judgment does not fix the maximum punishment which may be imposed after a second conviction. See *State v. Pearce,* 268 N.C. 707, 151 S.E. 2d 571 (1966); *State v. Slade,* 264 N.C. 70, 140 S.E. 2d 723 (1965); *State v. Merritt,* 264 N.C. 716, 142 S.E. 2d 687 (1965); and *State v. White,* 262 N.C. 52, 136 S.E. 2d 205 (1964). This view is in accord with the weight of authority in the United States. See Annot., 12 A.L.R. 3d 978 (1967) and cases there cited. Defendant's Fourth Assignment of Error is overruled.

For the reasons stated, the decision of the Court of Appeals is reversed. The case is remanded to that Court where it will be certified to the trial court for a new trial in accord with this opinion.

Reversed and remanded.