STATE OF NORTH CAROLINA v. KENNETH McGRAW
No. 6928SC174

(Filed 30 April 1969)

Constitutional Law § 32—   right to counsel — felony prosecution —
   duty of court

   Where a defendant charged with a felony was not represented by counsel at the time he was called upon to plead, defendant is entitled to a new trial where the trial judge failed to advise him that he was entitled to counsel before he was required to plead. G.S. 15-4.1.

APPEAL by defendant from *McLean, J.,* 23 September 1968, Criminal Session, BUNCOMBE County Superior Court.

Kenneth McGraw (defendant) was charged with a felonious escape from the State Department of Correction, this being his second offense of escape. In superior court he entered a plea of guilty as charged. From the imposition of a twelve months sentence, he appealed to this Court. Since the defendant is an indigent, the trial judge assigned counsel to represent him on the appeal.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*George Ward Hendon for defendant appellant.*

CAMPBELL, J.

The defendant duly excepted to and assigned as error the following proceedings:

"SOLICITOR: 68-727. Kenneth McGraw. Stand up, please. Charged with second escape. How do you plead?

DEFENDANT: Guilty.

SOLICITOR: You plead guilty.

COURT: You understand you are entitled to have a lawyer?

DEFENDANT: Yes, sir.

COURT: Do you want to waive your right to counsel?

DEFENDANT: Yes, sir.

COURT: All right. Come over here and sign the waiver."

The General Assembly has enacted statutes, including G.S. 15-4.1, in order to protect the constitutional rights of indigent persons accused of crime. G.S. 15-4.1 provides:

"When a defendant charged with a felony is not represented by counsel, before he is required to plead the judge of the superior court shall advise the defendant that he is entitled to counsel. If the judge finds that the defendant is indigent and unable to employ counsel, he shall appoint counsel for the defendant but the defendant may waive the right to counsel in all cases except a capital felony by a written waiver executed by the defendant, signed by the presiding judge and filed in the record in the case. The judge may in his discretion appoint counsel for an indigent defendant charged with a misdemeanor if in the opinion of the judge such appointment is warranted unless the defendant executes a written waiver of counsel as above specified. A defendant with or without counsel may plead guilty but if the defendant is without counsel, the judge shall inform the accused of the nature of the charge and the possible consequences of his plea, and as a condition of accepting the plea of guilty the judge shall examine the defendant and shall ascertain that the plea was freely, understandably and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency, but a defendant without counsel cannot plead guilty to an indictment charging a capital felony. Unless the judge determines that the plea of guilty was so made, it shall not be accepted. In case of an appeal to the Supreme Court the judge shall appoint counsel for such appeal or continue the services

of counsel already appointed for the trial. The judge shall appoint counsel as soon as possible and practicable to the end that counsel so appointed may have adequate notice and sufficient time to prepare for a defense.

When an appeal is taken under this section the county shall make available trial transcript and records required for an adequate and effective appellate review."

The State argues: "We maintain that the procedure outlined in G.S. 15-4.1 is flexible" and that the trial judge did not err in failing to advise the defendant that he was entitled to counsel before he was required to plead. However, this procedure is not flexible. The statute specifically provides that "[w]hen a defendant charged with a felony is not represented by counsel, before he is required to plead the judge of the superior court shall advise the defendant that he is entitled to counsel." In *State v. Morris*, 275 N.C. 50, 165 S.E. 2d 245, the Supreme Court held:

"Thus, by statute in North Carolina, the judge of the superior court, with respect to every defendant charged with a felony and not represented by counsel, is required to (1) advise the defendant that he is entitled to counsel, (2) ascertain if defendant is indigent and unable to employ counsel, and (3) appoint counsel for each defendant found to be indigent unless the right to counsel is intelligently and understandingly waived."

Since a defendant is entitled to the full protection of his constitutional and statutory rights, it is incumbent upon a trial judge to hew not only to the spirit of a statute, but to the express provisions of the statute. This was not done in the instant case.

New trial.

BROCK and MORRIS, JJ., concur.