STATE OF NORTH CAROLINA v. SAMMY JAY WADDELL

No. 6924SC189

(Filed 30 April 1969)

**1. Constitutional Law § 32— right to counsel — misdemeanor amounting to serious offense**

A defendant charged with a misdemeanor amounting to a serious offense, which is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine, has a constitutional right to the assistance of counsel during his trial in the superior court; G.S. 15-4.1, insofar as it purports to leave to the discretion of the trial judge the appointment of counsel for indigent defendant charged with a misdemeanor amounting to a serious offense, is unconstitutional.

**2. Constitutional Law § 32— right to counsel — serious misdemeanor — duty of trial judge**

Where defendant is charged with a misdemeanor amounting to a serious offense and is not represented by privately employed counsel, the presiding judge must (1) settle the question of defendant's indigency and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived; these findings and determinations should appear of record.

**3. Constitutional Law § 32—— serious misdemeanor —— failure of court to appoint counsel or make findings as to indigency**

Defendant who appeared without counsel in the superior court and entered pleas of guilty to charges of resisting an officer and assault with a deadly weapon is entitled to a new trial where the record is silent as to whether he was able to employ counsel, whether he requested appointment of counsel, and whether he waived his right to counsel, both crimes being misdemeanors amounting to serious offenses.

APPEAL by defendant from *Bryson, J.,* 25 November 1968 Session, YANCEY Superior Court.

The defendant, appearing without counsel, pleaded guilty to the charges contained in two bills of indictment; one charging him with resisting an officer (G.S. 14-223), and the other charging him with an assault with a deadly weapon.

Upon the pleas the court entered judgments of confinement for two years in each case, the terms to run consecutively and not concurrently.

*Robert Morgan, Attorney General, by Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*Cecil C. Jackson, Jr., for defendant.*

BROCK, J.

**[1, 3]**    The Record on Appeal discloses that defendant appeared in Superior Court and entered his pleas of guilty without counsel. However, the record is silent as to whether he was able to employ counsel, whether he was indigent, whether he requested appointment of counsel, or whether he waived his right to counsel. "Waiver of counsel may not be presumed from a silent record. 'The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.'" *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245. As clearly stated by Huskins, J., speaking for our Supreme Court in *State v. Morris, supra,* ". . . defendant here, who is charged with a serious offense, has a constitutional right to the assistance of counsel during his trial in the superior court and that G.S. 15-4.1, insofar as it purports to leave to the discretion of the trial judge the appointment of counsel for indigent defendants charged with serious offenses, is unconstitutional. A serious offense is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine."

**[2, 3]**    This case cannot be distinguished in principle from the sit-

uation which was dealt with by our Supreme Court in *Morris,* and again we quote a portion of that opinion which is directly applicable to the present case. "For failure of the trial judge to determine indigency and appoint counsel to represent defendant if indigent, the judgment must be vacated and a new trial ordered. At the next trial if defendant is not represented by privately employed counsel, the presiding judge shall (1) settle the question of indigency, and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived. These findings and determinations should appear of record." *State v. Morris, supra.*

We think it appropriate to point out that the proceedings before Judge Bryson occurred approximately two months before the opinion in *Morris* was filed. Apparently Judge Bryson was exercising the discretion purportedly granted by G.S. 15-4.1.

Upon authority of *State v. Morris, supra,* a new trial must be ordered.

New trial.

CAMPBELL and MORRIS, JJ., concur.