STATE OF NORTH CAROLINA v. WILLIAM H. SIMS

No. 6915SC295

(Filed 2 July 1969)

**1. Constitutional Law § 32— right to counsel — serious offense**

A defendant who is charged with a serious offense has a constitutional right to the assistance of counsel during his trial in the superior court; a serious offense is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine.

**2. Constitutional Law § 37— waiver of counsel**

Waiver of counsel may not be presumed from a silent record.

**3. Constitutional Law § 32— right to counsel — serious offense — findings of fact**

On appeal from conviction in the superior court for driving a motor vehicle on a public street while under the influence of intoxicating liquor, a misdemeanor amounting to a serious offense, defendant is entitled to a new trial for failure of the trial judge to determine at the time of trial whether defendant had waived counsel and in absence of waiver to determine defendant's indigency and appoint counsel to represent him if he should be found indigent.

**4. Automobiles § 125— driving under influence — warrant — second offense**

In order to charge a second offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, the warrant should contain a clear allegation as to when and in what court defendant had been convicted of a prior offense.

**5. Automobiles § 125— driving under influence — second offense — validity of warrant**

Warrant charging defendant with the operation of a motor vehicle on a public street "while under the influence of intoxicating liquor, in violation of G.S. 20-138, second offense" *is held* defective insofar as it purports

to charge a second offense, although it is sufficient to charge defendant with a first offense violation of G.S. 20-138.

APPEAL by defendant from *Bowman, J.,* January 1969 Session of ALAMANCE Superior Court.

Defendant was tried in the municipal court of the City of Burlington on a warrant charging him with operating a motor vehicle on a public street in the City of Burlington "while under the influence of intoxicating liquor, in violation of G.S. 20-138, second offense. . . ." He was not represented by counsel, was found guilty, and was sentenced to six months in jail, suspended on condition that he pay a fine of $100.00 and the costs. He appealed to the superior court and entered a plea of not guilty. At his trial in superior court he was not represented by counsel. He was found guilty by the jury of the offense of driving under the influence of intoxicating liquor in violation of G.S. 20-138. Upon this verdict judgment was entered on 24 January 1969, sentencing defendant to jail for a term of not less than twelve or more than eighteen months. In apt time and in open court defendant excepted to the entry of this judgment and gave notice of appeal to the Court of Appeals.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin. and Staff Attorney T. Buie Costen for the State.*

*John D. Xanthos for defendant appellant.*

PARKER, J.

[1]   The judgment here appealed from was entered on 24 January 1969. On 21 January 1969 the North Carolina Supreme Court filed opinion in the case of *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245. That case, as does this one, involved an appeal from a judgment rendered upon a conviction of violation of G.S. 20-138. In that case, in an opinion by Huskins, J., the Court held that a defendant who is charged with a serious offense has a constitutional right to the assistance of counsel during his trial in the superior court, and that a serious offense, in the context of that holding, is one for which the authorized punishment exceeds six months' imprisonment and a $500.00 fine.

[2, 3]   In the case before us the defendant was not represented by counsel at his trial in the municipal court or in the superior court. The record is silent as to whether he waived the right to counsel. Waiver of counsel may not be presumed from a silent record. *State v. Morris, supra.* The record before us does disclose that at the

March 1969 Criminal Session of Alamance Superior Court the judge then presiding entered an order finding defendant to be an indigent, granting him the right to appeal to this Court *in forma pauperis*, and appointing counsel to represent him on this appeal. There was no such determination of indigency made at the time of defendant's trial. For failure of the trial judge to determine whether defendant had waived counsel and in absence of waiver to determine defendant's indigency and appoint counsel to represent him if he should be found indigent, the judgment must be vacated and a new trial ordered. *State v. Morris, supra.*

**[4, 5]**   We note that the warrant on which defendant was tried is defective insofar as it purports to charge a second offense. For that purpose the warrant should have contained a clear allegation as to when and in what court defendant had been convicted of a prior offense. See, *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384. The warrant was, however, sufficient to charge defendant with a first offense violation of G.S. 20-138.

The State had sufficient evidence to carry the case to the jury, and defendant's assignment of error to the failure of the court to enter judgment of nonsuit is without merit. It is not necessary that we discuss defendant's remaining assignments of error, most of which relate to the judge's charge to the jury, since in any event there must be a new trial and the questions presented will probably not recur.

For the reasons set forth in *State v. Morris, supra,* which is controlling in this case, defendant is entitled to a

New trial.

MALLARD, C.J., and BRITT, J., concur.