STATE OF NORTH CAROLINA v. LARRY HAIRE

No. 7313SC526

(Filed 25 July 1973)

Constitutional Law § 32— insufficient evidence of non-indigency — denial of counsel erroneous

    Finding by the trial court that defendant was a painter capable of earning $60 per week when he was able to obtain work and that he had made little, if any, effort to secure counsel either privately or by court appointment was insufficient to sustain a finding that defendant was not indigent at the time of trial; therefore, the trial court erred in denying defendant's specific request for a lawyer prior to the selection of the jury at his trial in superior court.

APPEAL by defendant from Clark, Judge, February 1973 Session of Superior Court held in BLADEN County.

Defendant was convicted by a jury of committing a crime against nature and sentenced to not less than eight nor more than ten years in prison.

The State's evidence showed the commission of the unnatural sex act to have occurred on 24 May 1972. The prelimi-

nary hearing was held on 12 June 1972 at which time the defendant signed a waiver of right to have assigned counsel. Indictment was returned at the 14 August 1972 Session of Superior Court, and the case was tried on 12 February 1973. When the case was called for trial the defendant entered a plea of "not guilty." When the selection of the jury began, defendant requested the appointment of a lawyer to represent him. The court denied his request at that time and later made inquiry after the jury was selected. Upon such inquiry it appeared that defendant had previously employed one lawyer to have the case continued at a prior term, that he was a painter making $60.00 per week when able to obtain work, and that he had neither employed an attorney nor advised the court of his lack of funds with which to employ an attorney during the pendency of his case until it was called for trial.

The court made the following order:

"Let the record show that the Court finds as a fact that the defendant is not indigent; that he has made no effort to take care of his court business; that he has appeared in the Superior Court of Bladen County on two prior sessions and at no time requested the court to appoint counsel for him. The court finds as a fact he has made no right to have counsel present to represent him in the trial of this case, and the court orders that the case proceed to trial."

The defendant was not represented by counsel at the trial.

After verdict of the jury and judgment of the court, defendant entered notice of appeal. The court by order dated 16 February 1973 appointed counsel to represent defendant in his appeal and ordered that a transcript of the trial be prepared for defense counsel and the costs of appellate review be paid by the State.

*Attorney General Morgan, by Assistant Attorney General Weathers, for the State.*

*Moore & Melvin, by Reuben L. Moore, Jr., for defendant appellant.*

BALEY, Judge.

Defendant assigns as error the failure of the court to appoint an attorney to represent him in his trial upon a felony

State v. Haire

charge of committing a crime against nature. The assignment is well taken, and there must be a new trial.

G.S. 15-4 provides:

> "Every person, accused of any crime whatsoever, shall be entitled to counsel in all matters which may be necessary for his defense."

While defendant had waived his right to have assigned counsel at the preliminary hearing, he made a specific request for a lawyer prior to the selection of the jury at his trial in the superior court. The finding of the court below that the defendant was not indigent was not supported by the evidence. The fact that the defendant was a painter capable of earning $60.00 per week when he was able to obtain work and that he had made little, if any, effort to secure counsel, either privately or by court appointment, is not sufficient to sustain a finding that he was not indigent at the time of trial, and, therefore, not entitled to a court-appointed attorney when it was requested at the trial.

G.S. 7A-450(c) provides:

> "The question of indigency may be determined or re-determined by the court at any stage of the action or proceeding at which an indigent is entitled to representation."

Proof of defendant's guilt in this case was dependent in large measure upon the credibility of the prosecuting witness, and it was crucial that he have the assistance of an attorney for cross-examination and possible impeachment. U. S. Const., amend. VI; N. C. Const., art. 1, § 23; *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792, 93 A.L.R. 2d 733; *State v. Morris*, 275 N.C. 50, 165 S.E. 2d 245.

Denial of counsel without evidence to support a finding of non-indigency entitles defendant to a new trial. It is so ordered.

New trial.

Judges CAMPBELL and HEDRICK concur.