STATE OF NORTH CAROLINA v. JAMES ELLIE DANIEL

No. 7315SC564

(Filed 29 August 1973)

Constitutional Law § 28— waiver of indictment by defendant without counsel

Defendant's waiver of the bill of indictment against him is set aside and his plea of guilty and judgment pronounced thereon are vacated where defendant signed a waiver of indictment and was sentenced on an information filed by the solicitor when he was not represented by counsel. G.S. 15-140.1.

ON *certiorari* from an order of *Cooper, Judge,* on 6 December 1972 denying post-conviction review of a trial before Bailey, Judge, 14 May 1972 Session of Superior Court held in ORANGE County.

Defendant waived his right to counsel and entered a plea of guilty to the felony of bigamy. Judgment was entered imposing a prison sentence.

State v. Daniel

*Attorney General Robert Morgan by John R. B. Matthis, Assistant Attorney General, for the State.*

*Manning, Allen & Hudson by Marcus Hudson for defendant appellant.*

VAUGHN, Judge.

At trial defendant signed what purports to be a waiver of indictment and was sentenced on an information filed by the solicitor. He was not represented by counsel. In non-capital felony cases a defendant may waive a bill of indictment only *when represented by counsel* and when both defendant *and his counsel* sign a written waiver of indictment. G.S. 15-140.1. *State v. Hayes,* 261 N.C. 648, 135 S.E. 2d 653.

Defendant's waiver of the bill of indictment is set aside; his plea of guilty and the judgment pronounced thereon are vacated. The State may prosecute defendant on a bill of indictment or proper waiver thereof if it so elects, otherwise defendant will be discharged. *State v. Hayes, supra.*

The cause is remanded to the Superior Court of Orange County for proceedings consistent with this opinion.

Vacated and remanded.

Judges CAMPBELL and HEDRICK concur.