STATE OF NORTH CAROLINA v. FRED RONALD MANESS
No. 6919SC241

(Filed 28 May 1969)

**Constitutional Law § 32— right to counsel — misdemeanor amounting to a serious offense**

    In prosecution in the superior court for driving a motor vehicle on a public highway while under the influence of intoxicating liquor, a misdemeanor amounting to a serious offense, defendant is entitled to a new trial where it appears that he was tried and found guilty without the assistance of counsel, and the record is silent on the questions of whether defendant was an indigent and whether he voluntarily and understandingly waived his right to counsel.

APPEAL by defendant from *Crissman, J.,* at the 25 November 1968 Criminal Session of RANDOLPH Superior Court.

Defendant was charged in a warrant issued from the Asheboro Recorder's Court with driving a motor vehicle on a public highway while under the influence of intoxicating liquor. Defendant was found guilty in the recorder's court and was given a twelve-months prison sentence from which he appealed to the Superior Court of Randolph County.

In superior court, defendant appeared without counsel, pled not guilty, was found guilty by a jury, and was given an eight-months prison sentence from which he appealed to this Court.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*John Randolph Ingram for defendant appellant.*

BRITT, J.

The record before us leaves much to be desired. Defendant's exception No. 1, which is the basis for the first assignment of error, states "the Court erred in ruling that Defendant, who was indigent and unable to employ Counsel, was not entitled to Court appointed Counsel in a misdemeanor case." The only proof we have regarding defendant's exception No. 1 is the following sentence contained in the Statement of Case on Appeal: "Defendant appeals assigning error in the conduct of the trial and in particular in that he was indigent and counsel was not appointed for him, the Court having ruled that in a misdemeanor case defendant was not entitled to have Court appointed Counsel." Evidently the record on appeal, including the Statement of Case on Appeal, was prepared by defendant's present counsel, but the record contains an agreement signed by said counsel and the district solicitor stipulating and agreeing on the record on appeal.

The record also contains a "Certificate of Judge" which purports to be a certificate signed by Crissman, J., on 27 November 1968 to the effect that defendant was fully informed in open court of the charges against him and of his right to have counsel appointed by the court to represent him in this case, but that defendant elected in open court to be tried without counsel and has executed "the above waiver" after its meaning and effect had been fully explained to him. The record contains no waiver. On 15 April 1969, defendant's counsel filed in this Court a "motion and affidavit to expunge record." The motion relates to the "Certificate of Judge" above-referred to and alleges that said certificate is not a part of the record in this case but is a part of the record in another case tried in Randolph

Superior Court and was not intended to be included in the record in this case. The attorney general accepted service of the motion on 14 April 1969 but has filed no answer to the motion. On 5 May 1969, defendant's counsel filed in this Court a stipulation signed by him and the district solicitor to the effect that the "Certificate of Judge" contained on page 4 of the record in the instant case is not a part of the record in *State v. Fred Ronald Maness.* Pursuant to the stipulation signed by the district solicitor, and in the absence of any answer by the attorney general to defendant's motion to expunge the record, we have allowed the motion.

When the "Certificate of Judge" is deleted from the record before us, we conclude that the defendant appeared in Randolph Superior Court without counsel, that he pled not guilty, was tried without the assistance of counsel, was found guilty as charged by a jury, and was sentenced to eight months in prison.

In *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245, filed 21 January 1969, the defendant was tried in superior court on a charge of driving a motor vehicle on a public street while under the influence of intoxicants; he was not represented by counsel in his trial in the superior court, was found guilty by a jury, and was sentenced to prison for eighteen months. Defendant appealed to the Court of Appeals where he was represented by privately-employed counsel; this Court upheld the conviction and sentence. Defendant then appealed to the Supreme Court of North Carolina, asserting violations of his constitutional rights. In an opinion by Huskins, J., the Supreme Court ordered a new trial, holding that by virtue of the Sixth and Fourteenth Amendments to the Constitution of the United States, a defendant who is charged with a misdemeanor amounting to a serious offense has a constitutional right to the assistance of counsel during his trial; that a serious offense is one for which the authorized punishment exceeds six months imprisonment and $500 fine; and waiver of counsel may not be presumed from a silent record. The court further held, as stated in headnote 8, that where defendant is charged with a misdemeanor amounting to a serious offense and is not represented by privately-employed counsel, the presiding judge must (1) settle the question of defendant's indigency and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived; these findings and determinations should appear of record.

The attorney general concedes that if the "Certificate of Judge" is deleted from the record in this case, we are confronted with virtually the same situation the Supreme Court considered in *Morris.*

We perceive no material distinction in the two cases and conclude that the instant case is controlled by *Morris*.

For the reasons stated, it is ordered that defendant be awarded a New trial.

MALLARD, C.J., and PARKER, J., concur.