STATE OF NORTH CAROLINA v. GEORGE BATISTE, JR.

No. 698SC292

(Filed 23 July 1969)

**Constitutional Law § 32—    right to counsel — misdemeanor amounting to serious offense**

    In prosecution in the superior court for secreting personal property to hinder enforcement of a lien in violation of G.S. 14-115, a misdemeanor amounting to a serious offense, defendant is entitled to a new trial where it appears that he was tried and found guilty without the assistance of counsel, and the record is silent on the questions of whether defendant was an indigent and whether he voluntarily and understandingly waived his right to counsel.

APPEAL by defendant from *Parker, J.,* at the 20 December 1968 Session of WAYNE Superior Court.

In a warrant issued by a justice of the peace, defendant was charged with removing, exchanging or secreting personal property on which a lien existed, with intent to prevent or hinder the enforcement of the lien, in violation of G.S. 14-115. He was tried and found guilty in county court and appealed to superior court where he was not represented by counsel, pleaded not guilty, was found guilty by

a jury and sentenced to "two years in jail assigned to work the roads." Defendant appealed.

*Attorney General Robert Morgan and Staff Attorney L. Philip Covington for the State.*

*Earl Whitted, Jr., Esq., for defendant appellant.*

BRITT, J.

Defendant assigns as error the failure of the superior court to provide him with legal counsel.

G.S. 14-115 under which defendant was charged provides as follows: "Any person removing, exchanging or secreting any personal property on which a lien exists, with intent to prevent or hinder the enforcement of the lien, shall be guilty of a misdemeanor." Inasmuch as the statute does not prescribe specific punishment for its violation, by virtue of G.S. 14-3 a person convicted of violating G.S. 14-115 would be subject to a fine, to imprisonment for a term not exceeding two years, or both, in the discretion of the court.

In *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245, filed 21 January 1969, our Supreme Court, in an opinion by Huskins, J., held that by virtue of the Sixth and Fourteenth Amendments to the Constitution of the United States, a defendant who is charged with a misdemeanor amounting to a serious offense has a constitutional right to the assistance of counsel during his trial; that a serious offense is one for which the authorized punishment exceeds six months imprisonment and $500 fine; and waiver of counsel may not be presumed from a silent record. The Court further held, as stated in headnote 8, that where defendant is charged with a misdemeanor amounting to a serious offense and is not represented by privately-employed counsel, the presiding judge must (1) settle the question of defendant's indigency and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived; and these findings and determinations should appear of record. See decision of this Court in *State v. Maness,* 4 N.C. App. 658.

We conclude that the instant case is controlled by *Morris,* and for the reasons stated therein and in *State v. Maness, supra,* it is ordered that defendant be awarded a

New trial.

MALLARD, C.J., and PARKER, J., concur.