STATE OF NORTH CAROLINA v. WILLIAM FLOYD HICKMAN

No. 7010SC568

(Filed 31 October 1970)

Constitutional Law § 32— right to counsel — first offense of drunken driving

A defendant charged with his first offense of drunken driving is not entitled to the appointment of counsel; therefore, the trial court is not required to go into the question of defendant's indigency. G.S. 7A-451, G.S. 20-179.

APPEAL by defendant from *Bailey, J.,* March 1970 Regular Criminal Session, Superior Court of WAKE County.

Defendant was convicted in District Court under three separate warrants charging him with driving a motor vehicle on the public streets or highways of the State of North Carolina while under the influence of some intoxicating beverage. Each charge was for a first offense. He appealed to Superior Court, entered a plea of guilty to each charge, and judgment was entered in each case. In case No. 59609, he was sentenced to six months. In case No. 61001, he was sentenced to six months to run at the expiration of the sentence in case No. 59609. In case No. 1013, he was sentenced to six months to run concurrently with the sentence imposed in case No. 61001. From entry of the judgments, defendant appealed, and, upon a determination of indigency, counsel was assigned to prosecute his appeal in *forma pauperis.* Record on appeal was not docketed within the time allowed by our rules and we allowed defendant's petition for a writ of *certiorari.*

*Attorney General Morgan by Assistant Attorney General Melvin for the State.*

*William T. McCuiston for defendant appellant.*

MORRIS, Judge.

When the defendant entered his plea of guilty to each charge, the court questioned him extensively as to the voluntariness of his plea, as to whether he understood the charges against him, whether he understood that he had the right to plead not guilty and be tried by a jury, whether he had any witnesses he wished to have appear and testify, whether any promise or threat had been made by anyone to influence him to plead guilty, whether he had made any statement to the police, whether he had any questions he wished to ask of the court. The court fully explained the possible sentences and defendant said he fully understood. He contends on appeal that the court erred in failing to inquire as to defendant's indigency and in failing to appoint counsel if the inquiry resulted in a finding of indigency.

Defendant relies on *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245 (1969). We do not agree that this case requires the appointment of counsel in the case now before us. *State v. Morris* held that a defendant who is charged with a serious offense has

a constitutional right to the assistance of counsel during his trial in the superior court and that G.S. 15-4.1, insofar as it purported to leave to the discretion of the trial judge the appointment of counsel for indigent defendants charged with serious offenses was unconstitutional. A serious offense was defined as "one for which the authorized punishment exceeds six months' imprisonment and a $500 fine." This definition was codified by the 1969 Legislature by G.S. 7A-451.

> "*Scope of entitlement.*— (a) An indigent person is entitled to services of counsel in the following actions and proceedings:
>
> (1)   Any felony case, and any misdemeanor case for which the authorized punnishment exceeds six months imprisonment or a five hundred dollars ($500.00) fine; . . ."

The 1969 Legislature also amended G.S. 20-179, the statute under which the defendant in *State v. Morris, supra,* was sentenced, to provide that "Every person who is convicted of violating § 20-138, relating to habitual users of narcotic drugs or driving while under the influence of intoxicating liquor or narcotic drugs, shall, for the first offense, be punished by a fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), or imprisonment for not less than thirty (30) days, nor more than six months, or by both such fine and imprisonment, in the discretion of the court." Each offense with which defendant was charged occurred after the effective date of the amendment.

Clearly none of the charges to which defendant entered a guilty plea was within the category of serious offenses as defined in *State v. Morris, supra.* Defendant was, therefore, not entitled to appointment of counsel, and an inquiry as to defendant's indigency was not required.

In the trial in the Superior Court we find

No error.

Judges BROCK and GRAHAM concur.