STATE OF NORTH CAROLINA v. JOHN PEURIFOY SPEIGHTS

No. 7110SC346

(Filed 14 July 1971)

1. **Constitutional Law § 32— consolidated trial of misdemeanors — failure to appoint counsel**

    Defendant was not denied his constitutional right to counsel by failure of the trial court to appoint counsel to represent him in the consolidated trial of two misdemeanors where neither offense is a "serious misdemeanor," notwithstanding the maximum punishment for the two offenses could have been seven months.

2. **Criminal Law § 138— appeal from district court to superior court — increased sentence**

    Upon appeal to the superior court from conviction in the district court, defendant's constitutional rights are not violated by the imposition of a greater sentence in the superior court than the sentence imposed in the district court.

APPEAL by defendant from *Brewer, J.,* 11 January 1971 Session of Superior Court held in WAKE County.

Defendant was charged with violating the provisions of G.S. 20-125 which require that every motor vehicle when operated upon a highway shall be equipped with a horn in good working order. In a separate warrant he was charged with resisting a public officer in attempting to discharge a duty of his office in violation of G.S. 14-223. Defendant was convicted on each charge in the district court and appealed to the superior court. The cases were consolidated for trial and the defendant, not represented by counsel, pleaded not guilty. The jury found him guilty on each count. An active sentence not less than four nor more than six months was imposed. The defendant gave notice of appeal. He was found to be indigent and counsel was appointed to prosecute the appeal.

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks and Staff Attorney Ronald M. Price for the State.*

*Manning, Fulton and Skinner by John B. McMillan for defendant appellant.*

VAUGHN, Judge.

[1]  At trial defendant was not represented by privately employed counsel. He did not waive any right he may have had to court-appointed counsel. In fact, his request for court-appointed counsel at a prior term of court had been denied without, as far as this record discloses, any determination as to his indigency. The punishment for a violation of G.S. 14-223 is a fine not to exceed $500.00, imprisonment for not more than six months, or both. Since the maximum punishment for the two offenses with which defendant was charged could have been seven months, defendant contends that he was denied his constitutional right to counsel. We do not agree. Neither offense with which defendant was tried constituted a "serious offense." *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245; *State v. Hickman,* 9 N.C. App. 592, 176 S.E. 2d 910. This remains to be so even though the cases were, quite properly we think, consolidated for trial.

[2]  The defendant assigns as error that he received a more severe sentence in the superior court than had been imposed by the district court. For the reasons set forth in *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897, and *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765, this assignment of error is overruled.

     We have carefully considered defendant's other assignments of error and find them to be without merit.

No error.

Chief Judge MALLARD and Judge PARKER concur.