## STATE v. JOHN ERNEST HOWIE, ALIAS HOWARD.

(Filed 15 June, 1938.)

**1. Criminal Law § 41e—**

In this prosecution for rape, testimony of prosecutrix that she told her mother about the attack *held* properly admitted for the purpose of corroborating the witness.

**2. Criminal Law § 29c—Evidence of guilt of another is incompetent when it raises only an inference.**

In a prosecution for rape, testimony of defendant that another man had made threats to get him out of the way, and was seen talking to the prosecutrix before the commission of the alleged crime, introduced for the purpose of showing that such other man and the prosecutrix "framed" defendant, *is held* properly excluded, since it creates only an inference.

**3. Criminal Law § 41b—**

Upon cross-examination of defendant, the State may ask him whether he is under indictment for other crimes.

**4. Criminal Law § 41e—**

A police officer was permitted to testify as to prosecutrix' identification of defendant out of a line of suspects. Defendant objected thereto on the ground he was not present. *Held:* Whether defendant heard the accusation is a matter for the jury, and the testimony was competent for the purpose of corroborating prosecutrix.

**5. Criminal Law § 53g—**

Objection to the statement of the contentions of the State must be made at the time in order to be considered on appeal.

**6. Criminal Law § 78d—**

An assignment of error must be supported by an exception in order to be considered on appeal.

**7. Rape § 10—**

Exception to the judgment of the court upon the verdict of guilty of rape for failure of the judgment to show upon its face that defendant is a male person of the age of responsibility is untenable when no contention of incapacity is made on the trial, incapacity being a matter of defense.

**8. Criminal Law § 79—**

Exceptions not set out in the defendant's brief, or in support of which no reason or argument is stated or authority cited, will be deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

APPEAL by defendant from *Phillips, J.,* at January Term, 1938, of FORSYTH.

Criminal indictment charging defendant with the crime of rape upon one Mrs. Margaret Wilkins.

The State offered evidence tending in brief to show that: About four o'clock on the afternoon of 20 November, 1937, while the prosecutrix, a married woman, living with her husband and mother of a child, was walking upon the streets of Winston-Salem, from the home of her mother-in-law to the home of her mother, where her child was visiting, the defendant whom she did not know, met her and asked if she wanted a taxi. She told him no, and passed on. Then, as she proceeded, a block or more away and while walking a nearer way across the colored school grounds, the defendant again met and accosted her, and by threat of violence caused her to enter an automobile parked in nearby street and ride with him to a secluded place out in the country where he ravished her. He brought her back into the city and let her out. On the trip defendant forced her to lie down on the seat with her head in his lap. As she left the automobile she looked at the license number, and then went into a furniture store, a short distance away, where she obtained paper and pencil on which she wrote the license number and kind of automobile. She then went to and told her mother what had happened. Policemen were called. The license number was turned over to them. On Monday, following, the owner of the automobile was arrested, and in consequence of information given by him the defendant was arrested. That afternoon from a group of seven Negro men lined up in police station, the prosecutrix identified the defendant as her assailant. The prosecutrix was highly nervous when she went into the furniture store, and throughout the night. She was examined by a doctor whose testimony tended to corroborate her testimony as to the act.

The defendant denied that he committed or had any knowledge of the crime. Defendant offered evidence tending to establish an alibi, on which he relied.

Verdict: Guilty of the crime of rape as charged.

Judgment: Death by asphyxiation.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for the State.*

*W. Reade Johnson for defendant, appellant.*

WINBORNE, J. The record fails to reveal error. Defendant sets forth several assignments of error, to which we advert *seriatim.*

(1) Prosecutrix was permitted to testify that she told her mother about the attack. The court admitted the testimony only for the purpose of corroborating the witness, for which purpose it is competent. *S. v. Broadway,* 157 N. C., 598, 72 S. E., 987; *S. v. Spencer,* 176 N. C., 709, 97 S. E., 155; *S. v. Journegan,* 185 N. C., 700, 117 S. E., 27.

(2) In support of his contention that he did not commit the crime, and for the purpose of showing that, if the crime were committed, it

was done by another, defendant offered to show that another Negro man, Matthew Simpson, who wanted to marry a Negro girl by whom defendant had a child, had been heard to tell the girl, "If you don't marry me, you won't do anybody else any good. If I marry you I will get Ernest (the defendant) out of the way and he won't know how I done it and you won't." That, thereafter, and on some Saturday afternoon in November, 1937, the prosecutrix was seen on a street in Winston-Salem talking to Simpson, from whom she received a piece of paper, and then walked off. This testimony, upon objection, was properly excluded. It is defendant's contention that Simpson was using prosecutrix "to frame him." If the evidence be accepted, it creates only an inference. In S. v. Smith, 211 N. C., 93, 189 S. E., 175, it is said: "While under certain circumstances it has been held by this Court competent for the defendant to introduce evidence tending to show that someone else than he committed the crime charged, S. v. Davis, 77 N. C., 483, it is well settled that such evidence is not admissible unless it points directly to the guilt of the third party; evidence which does no more than create a inference or conjecture as to such guilt is inadmissible."

(3) On cross-examination, over objection, defendant was asked if he and another were indicted for raping Helen Thompson on 30 October. Later in his testimony defendant admitted, without objection, that he is indicted, has been tried in police court and bound over on charge of raping her.

But in any event such questions on cross-examination are proper under the decisions of this Court. In S. v. Maslin, 195 N. C., 537, 143 S. E., 3, after reviewing the decisions of this State, the Court said: "Questions of this kind have been generally indulged in the practice, and permitted in the trial courts, and if the decisions heretofore cited are to be recognized as the law, it is manifest that there was no error in overruling the exception on this point."

(4) On the question of identification, Lieut. Ledwell, a policeman, testified that the prosecutrix walked up the line of men, came back and said, "The one on the end is the man." I says, "Go back and point him out." She walked back up in front of Ernest Howie and says, "There is the man there." Defendant contends there is no evidence tending to show that the above incident occurred in the presence of defendant. The conversation occurred in the same room, not more than ten feet from the line of men. Whether defendant heard the accusation is a matter for the jury. S. v. Wilson, 205 N. C., 376, 171 S. E., 338. The testimony is competent for the purpose of corroborating the testimony of the prosecutrix in identifying the defendant. S. v. Mansell, 192 N. C., 20, 133 S. E., 190.

(5 and 6) These assignments relate to statement by the court of portions of the State's contentions. There is testimony upon which the

contentions are fairly based. But, if objectionable, the defendant should have called the matter to the attention of the court at the time so that the court could correct any error. Objection after verdict comes too late.

(7) There is no exception upon which to base this assignment.

Assignments 8, 9 and 10 are formal.

(11) Objection is made to the judgment for that it does not show upon its face that the defendant is a male person above the age of responsibility for crime. In the testimony of the witnesses the defendant is referred to as a man. During the trial no contention was made that the defendant was immune from crime upon the grounds of lack of capacity. This is a matter of defense. In the absence of evidence tending to show immunity of defendant, it is unnecessary for the court to advert to it. *S. v. Arnold,* 35 N. C., 184; *S. v. McNair,* 93 N. C., 628; *S. v. Walker,* 193 N. C., 489, 137 S. E., 429.

Other exceptions not set out in the brief of defendant, appellant, or in support of which no reason or argument is stated or authority cited, will be deemed to be abandoned. Rule of Practice in the Supreme Court No. 28.

Though there is no motion for nonsuit, it is proper to say that the evidence reveals a case for the jury. The court fully, fairly and correctly presented the case to the jury in a charge to which there is no tenable exception. We have considered every exception and find

No error.