STATE OF NORTH CAROLINA v. ARNOLD TRUMAN WALLER

No. 714SC118

(Filed 26 May 1971)

**1. Criminal Law § 86— impeachment of defendant**

It is proper for the solicitor to cross-examine defendant concerning a previous and unrelated conviction from which he had appealed.

**2. Criminal Law § 138— punishment — appeal from district to superior court — increased sentence**

The fact that the punishment imposed by the superior court on defendant's trial *de novo* exceeded the punishment which had been imposed by the district court in the original trial, *held* not violative of defendant's constitutional rights.

APPEAL by defendant from *Copeland, Judge,* September 1970 Criminal Session of Superior Court held in ONSLOW County.

Defendant was tried in the District Court on his pleas of not guilty to charges of (1) speeding in excess of 80 miles per hour in a 45 mile per hour speed zone and (2) reckless driving. He was found guilty of both offenses and from the judgments entered in the District Court, appealed to the Superior Court. On trial *de novo* in the Superior Court, the jury found defendant guilty in both cases, and from judgments imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Richard N. League for the State.*

*Bailey & Robinson by Edward G. Bailey for defendant appellant.*

PARKER, Judge.

[1] Defendant testified at the trial. His first assignment of error is directed to the trial court's action in requiring him to answer a question directed to him by the assistant solicitor during cross-examination. The question concerned his previous conviction of a specific unrelated prior criminal offense from which he had appealed. In this we find no error. It is well settled in this State that "[f]or purposes of impeachment a witness, including the defendant in a criminal case, may be cross-examined with respect to previous convictions of crime." Stansbury, N.C. Evidence 2d, § 112, p. 254. Our Supreme Court has

also held that such a witness may be cross-examined with respect to indictments which have been returned against him. *State v. Cureton,* 215 N.C. 778, 3 S.E. 2d 343; *State v. Howie,* 213 N.C. 782, 197 S.E. 611; *State v. Maslin,* 195 N.C. 537, 143 S.E. 3. In the case last cited the court pointed out that while evidence of a mere accusation of crime should be excluded, an indictment duly returned by the grand jury as a true bill is much more than a bare charge. In the present case, more than a mere indictment returned as a true bill was involved. Defendant had actually been convicted of the offense concerning which he was questioned. There was no error in requiring him to answer the question. The court correctly allowed him to explain that he had appealed his conviction and that his appeal was still pending. *State v. Calloway,* 268 N.C. 359, 150 S.E. 2d 517. Defendant made no request for an instruction that the jury must consider his prior convictions, not as substantive evidence, but only as bearing on his credibility as a witness. If he wished such an instruction, it was incumbent on him to request it. *State v. Goodson,* 273 N.C. 128, 159 S.E. 2d 310.

[2] Appellant's remaining assignment of error brought forward on this appeal is that his constitutional rights were violated in that the punishment imposed by the Superior Court exceeded the punishment which had been imposed by the District Court. The North Carolina Supreme Court has considered this quesstion and passed upon it adversely to appellant's contentions. *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765; *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897.

The sentences imposed in the Superior Court were within statutory limits.

In appellant's trial and the judgments appealed from, we find

No error.

Chief Judge MALLARD and Judge VAUGHN concur.