STATE OF NORTH CAROLINA v. ROBERT CARROLL CASE

No. 7128SC451

(Filed 14 July 1971)

**Criminal Law § 134— failure of court to sign judgment or minutes**

In noncapital criminal cases, failure of the trial judge to sign the minutes of the court or the judgment does not affect the validity of the judgment; this rule is not changed merely because the judgment sentencing defendant and suspending the sentence referred to the probationary judgment "to be signed by the Court."

APPEAL by defendant from *Ervin, Judge,* 29 March 1971 Session of Superior Court held in BUNCOMBE County.

At the January 1969 Session of Superior Court held in Buncombe County defendant, represented by counsel, pleaded guilty to five charges of felonious breaking and entering. Presiding Judge P. C. Froneberger, after interrogating defendant and determining that the pleas had been voluntarily entered, consolidated the five cases for purpose of judgment and sentenced defendant to prison for not less than three nor more than five years. With consent of defendant and his attorney given in open court, the sentence was suspended and defendant was placed on probation for a period of five years upon conditions set forth in a written judgment dated 29 January 1969. The judgment imposing the sentence and suspending the same and the probationary judgment were not signed by Judge Froneberger at that time.

On 19 January 1971, upon report of the probation officer that the defendant had willfully violated the conditions of his probation in certain respects, Judge Sam J. Ervin III, presiding at the January 1971 Session of Superior Court held in Buncombe County, ordered defendant taken into custody for a hearing as to whether he had violated the terms and conditions of the probation judgment. As required by G.S. 15-200.1 the probation officer informed defendant in writing of his intention to pray the court to revoke probation and put the suspended sentence into effect and set forth in writing the grounds upon which revocation was prayed. After hearing, at which defendant was again represented by counsel, Judge Ervin signed an order, dated 15 March 1971, finding as a fact that defendant had willfully violated the terms and conditions of his probation judg-

State v. Case

ment in certain specified respects. At the time this order was entered, it was called to the court's attention that Judge Froneberger had not signed the original judgment sentencing defendant to prison or the probationary judgment dated 29 January 1969. Subsequently, Judge Froneberger signed these judgments *nunc pro tunc*. Judge Ervin then signed an order, dated 31 March 1971, adjudging that defendant had breached a valid condition upon which execution of his sentence had been suspended, and ordered the suspension revoked and defendant imprisoned to serve the sentence which had been imposed upon him in January 1969. From this judgment, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General R. S. Weathers for the State.*

*Melvin K. Elias for defendant appellant.*

PARKER, Judge.

Appellant's sole contention on this appeal is that the judgment entered 29 January 1969 sentencing him to prison is invalid because it was not signed by the trial judge during the session of court at which it was entered. There is no merit in this contention. In criminal cases in the courts of this State, other than capital cases, the failure of the trial judge to sign the minutes of the court or the judgment does not affect the validity of the judgment. *State v. Dawkins,* 262 N.C. 298, 136 S.E. 2d 632; *State v. Atkins,* 242 N.C. 294, 87 S.E. 2d 507. This rule was not changed in the present case merely because the judgment sentencing defendant and suspending the sentence referred to the probationary judgment "to be signed by the Court." The judgment appealed from is accordingly

Affirmed.

Judges BRITT and MORRIS concur.