STATE OF NORTH CAROLINA v. JOHN PEURIFOY SPEIGHTS

No. 90

(Filed 15 December 1971)

1. Constitutional Law § 32— consolidated trial of petty misdemeanors — failure to appoint counsel

An indigent defendant was not denied his Sixth Amendment right to counsel by the trial court's refusal to appoint counsel to represent him in the consolidated trial of two petty misdemeanors, notwithstanding the combined punishment for both offenses could have exceeded six months' imprisonment.

**2. Criminal Law § 138— appeal from district court to superior court — increased sentence**

Upon appeal to the superior court from conviction in the district court, defendant's constitutional rights were not violated by the imposition of a greater sentence in the superior court than that imposed in the district court.

APPEAL by defendant from decision of the Court of Appeals, reported in 12 N. C. App. 32, 182 S.E. 2d 204 (1971), upholding judgment of *Brewer, J.,* 11 January 1971 Session of WAKE Superior Court.

Defendant was arrested in Raleigh, North Carolina, on 5 August 1970 for operating an automobile on the streets and highways of North Carolina with improper equipment; to wit, no horn, and for resisting the officer when arrested on the improper equipment charge. Defendant was convicted in the District Court of Wake County on both charges, and was ordered to pay the costs of the court on the improper equipment charge and was given a sixty-day prison sentence, suspended on condition that he pay a fine of $50 and the costs, on the resisting arrest charge. Defendant appealed to the Superior Court.

Prior to trial in Superior Court, defendant moved that, due to his indigency, counsel be appointed to represent him. No inquiry as to defendant's indigency was made, the motion was denied, and he was not represented by counsel at trial. The cases were consolidated for trial, verdicts of guilty on both charges were returned, and defendant was sentenced to a prison term of not less than four nor more than six months. Notice of appeal was given to the North Carolina Court of Appeals. The Superior Court then found defendant to be an indigent and appointed counsel to perfect his appeal.

The Court of Appeals, in an opinion by Judge Vaughn, concurred in by Chief Judge Mallard and Judge Parker, found no error. Defendant, through his court-appointed counsel, gave notice of appeal to the Supreme Court, pursuant to G.S. 7A-30(1).

*Attorney General Robert Morgan, Assistant Attorney General I. Beverly Lake, Jr., and Staff Attorney Ronald M. Price for the State.*

*Manning, Fulton & Skinner by John B. McMillan for defendant appellant.*

MOORE, Justice.

[1]  Defendant first contends that as an indigent his rights under the Sixth Amendment to the Constitution of the United States were violated in that he was tried without benefit of counsel on two charges arising out of the same incident, the combined punishment for which could have been in excess of six months' imprisonment. The maximum punishment for resisting arrest is six months' imprisonment and a $500 fine. G.S. 14-223. The maximum punishment for operating a motor vehicle with improper equipment is imprisonment not to exceed thirty days and a $50 fine. G.S. 20-125 and G.S. 20-176(b).

G.S. 7A-451(a)(1) provides that an indigent person is entitled to services of counsel in any felony case, and in any misdemeanor case for which the authorized punishment exceeds six months' imprisonment or a $500 fine.

In *State v. Green,* 277 N.C. 188, 176 S.E. 2d 756 (1970), in which the trial court refused to appoint counsel for an indigent charged with a misdemeanor for which punishment could not exceed six months' imprisonment, it is stated:

> "Whether an offense is *petty* or *serious* is measured, in both state and federal courts, by the punishment authorized by law *for the particular offense* in question. 18 U.S.C. § 1; G.S. 7A-451. Under these statutory yardsticks *any* crime the maximum authorized punishment for which does not exceed six months in prison is a petty offense for which the offender may be tried without a jury and *without the assistance of counsel. State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245 (1969); *Blue Jeans Corp. v. Clothing Workers,* 275 N.C. 503, 169 S.E. 2d 867 (1969); *Cheff v. Schnackenberg,* 384 U.S. 373, 16 L. Ed. 2d 629, 86 S. Ct. 1523 (1966); *Dyke v. Taylor Implement Mfg. Co.,* 391 U.S. 216, 20 L. Ed. 2d 538, 88 S. Ct. 1472 (1968); *Duncan v. Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968); *Bloom v. Illinois,* 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477 (1968)." (Emphasis added.)

The fact that defendant was charged with separate offenses in separate warrants does not change the punishment authorized for either offense. Defendant was arrested for driving an automobile without a horn, a violation of a statute designed to pro-

tect the traveling public but a comparatively minor criminal offense. When arrested on that charge, he elected to resist the arresting officer, a violation of another statute. Neither of the charges was a "serious" offense as defined by either State or Federal courts. Each was a "petty" offense for which appointed counsel was not required by the decisions of this Court or of the Supreme Court of the United States. While no loss of liberty is a trivial matter, the need of the individual for legal assistance must be weighed against the State's ability reasonably to furnish it. We think the distinction made between petty and serious offenses achieves a reasonable balance between the individual's need and the State's duty to furnish counsel. This duty on the part of the State should not be extended to include those cases consolidated for trial in which an individual is charged with more than one petty offense. To do so would tend to encourage a multiplicity of separate trials for petty offenses, further adding to the already congested condition of the criminal dockets within the State. Since defendant was not charged with a serious offense, his trial without counsel did not violate his constitutional rights under the Sixth Amendment.

[2] Defendant next contends that it was error for the Superior Court to impose a more severe sentence than had been imposed in the District Court, citing *Rice v. State of North Carolina,* 434 F. 2d 297 (4th Cir. 1970). Rice was convicted in the General County Court of Buncombe County and sentenced to nine months' imprisonment, suspended upon payment of a fine of $100 and costs. On appeal to the Superior Court he was found guilty and sentenced to two years' imprisonment. Rice applied to the Federal District Court for the Western District of North Carolina for habeas corpus. The District Judge denied the application for habeas corpus for the reason that Rice had failed to exhaust his State remedies by not appealing to the North Carolina Court of Appeals. The Circuit Court, in reversing the ruling of the District Court, said:

> "We think the District Court was in error in dismissing for Rice's failure to complete the remedies available to him in the State court. It would have been futile. Concededly the Supreme Court of North Carolina had consistently refused to follow *Patton. State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245 (1969) ; *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371 (1968) ; *State v. Tolley,* 271 N.C.

459, 156 S.E. 2d 858 (1967). In these circumstances, exhaustion of State remedies is not indispensable. *Hayes v. Boslow,* 336 F. 2d 31, 32 (4 Cir. 1964) ; cf *Wright v. Maryland Penitentiary,* 429 F. 2d 1101 (4 Cir. 1970).

". . . On the strength of *Pearce* [*North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969)], we again see the more drastic sentence on the second trial as a denial of Federal due process, in that by discouragement it impinges upon the State-given appeal.

\*    \*    \*

"In today's decision, the court is not insensitive to the logical and persuasive argument to the contrary in *Lemieux v. Robbins,* 414 F. 2d 353 (1 Cir. 1969), cert. denied 397 U.S. 1017, 90 S. Ct. 1247, 25 L. Ed. 2d 432 (1970). Likewise we express deference to the opinion in *Evans v. City of Richmond,* 210 Va. 403, 171 S.E. 2d 247 (1969). We simply disagree."

Justice Huskins, in *State v. Spencer,* 276 N.C. 535, 545, 173 S.E. 2d 765, 772 (1970), involving an appeal as of right from a District Court to the Superior Court, said:

"In *Pearce,* both sentences were imposed in the same court. To get a retrial, Pearce had to attack the validity of his first sentence and show a violation of his constitutional rights committed during the first trial. Here, defendants were entitled to a trial *de novo* in the superior court even though their trials in the inferior court were free from error. G.S. 7A-288 (now G.S. 7A-290) and G.S. 15-177.1. This is an unfettered statutory right. It therefore appears that when these defendants appealed to the superior court the slate was wiped clean and the cases stood for trial in the superior court as if there had been no previous trial in the district court. Hence, in the sound discretion of the superior court judge, his sentence may be lighter or heavier than that imposed in the district court. *State v. Morris,* 275 N.C. 50, 61, 165 S.E. 2d 245, 252. Other jurisdictions which have considered this question have reached the same conclusion. *Lemieux v. Robbins,* 414 F. 2d 353 (1st Cir. 1969), cert. den. 397 U.S. 1017, 90 S. Ct. 1247, 25 L. ed. 2d 432, and in *People v. Olary,* 382 Mich. 559, 170 N.W. 2d 842. To hold otherwise, and say that upon appeal the

superior court judge may decrease the sentence imposed below but is precluded from increasing it, would encourage appeal to the superior court in every case. Trial in the district court would be futile and the court itself an impediment to the administration of justice. In our view, we are dealing here with wholly new sentences rather than increases in old ones.

"We hold that the decision in *Pearce,* based on a different factual situation was never intended to apply to judgments following trials *de novo* on appeal from inferior tribunals. The fact that defendants received a greater sentence in the superior court than they received in the district court is no violation of their constitutional rights. Upon appeal from an inferior court for a trial *de novo* in the superior court, the superior court may impose punishment in excess of that imposed in the inferior court provided the punishment imposed does not exceed the statutory maximum. *State v. Tolley,* 271 N.C. 459, 156 S.E. 2d 858. *Pearce,* decided 23 June 1969, is not applicable. . . ."

*Accord, State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970).

We adhere to our decisions in *State v. Spencer, supra,* and *State v. Sparrow, supra.* The imposition of punishment by the Superior Court in excess of that imposed in the District Court was not error.

We find no error of law in the trial which would justify a new trial.

No error.