STATE OF NORTH CAROLINA v. ROBERT DIXON COFFEY

No. 7219SC194

(Filed 24 May 1972)

**Criminal Law § 138— appeal from district court — increased sentence in superior court**

 Upon appeal to the superior court from conviction in the district court, a defendant's constitutional rights are not violated by the imposition of a greater sentence in the superior court than that imposed in the district court.

APPEAL by defendant from *Copeland, Judge,* August 1971 Session of Superior Court held in CABARRUS County.

Defendant was tried upon a warrant, proper in form, charging him with the misdemeanor of operating a motor vehicle upon the public highways of North Carolina while under the influence of intoxicating liquor in violation of G.S. 20-138. Defendant was first tried on 29 September 1970 in the Recorder's Court for Cabarrus County and was found guilty. From the judgment of the recorder's court imposing a sentence of imprisonment for six months, suspended for twelve months upon condition that he not operate a motor vehicle on the highways of North Carolina for twelve months and that he pay a fine of $100 and costs, the defendant appealed to the superior court. Upon trial de novo in superior court and a jury verdict of guilty, the defendant was sentenced to imprisonment for a term of six months, suspended for three years upon the following conditions: that he be placed on probation for three years, that he pay a fine of $500 and costs, that his operator's license be surrendered for revocation, and that he not operate a motor vehicle for two years. From the foregoing judgment, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Assistant Attorneys General Melvin and Ray for the State.*

*Henry T. Barnes for defendant appellant.*

MALLARD, Chief Judge.

The evidence for the State tended to show that on the date alleged in the warrant the defendant was arrested while operating a motor vehicle on a public highway in Cabarrus County, and that at the time thereof he was under the influence of in-

toxicating liquor. Approximately an hour after he was arrested, the defendant took a breathalyzer test that showed that the percentage of alcohol by weight in his blood was eighteen-hundredths percent. The defendant offered no evidence.

Defendant's sole contention is that the judge of the superior court committed error in imposing a more severe sentence than that imposed in the recorder's court. Defendant states in his brief that he is aware of the decision of the Supreme Court of North Carolina in *State v. Speights,* 280 N.C. 137, 185 S.E. 2d 152 (1971) holding that upon appeal to the superior court from the district court a defendant's constitutional rights are not violated by the imposition of a greater sentence after conviction in superior court than that imposed in the district court. The defendant argues, however, that this is contrary to the holding of the United States Supreme Court in the case of *North Carolina v. Pearce,* 395 U.S. 711, 23 L.Ed. 2d 656, 89 S.Ct. 2072 (1969). We do not agree. We hold that the rule set forth in *Speights* is applicable and controls. In the trial we find no error.

No error.

Judges CAMPBELL and BROCK concur.