State v. Oakley

defendant to three to five years, suspended subject to certain terms and conditions of probation, defendant appealed.

*Attorney General Morgan, by Associate Attorney Poole, for the State.*

*Eubanks and Sparrow, by Larry L. Eubanks, for defendant appellant.*

---

STATE OF NORTH CAROLINA v. DAVID OAKLEY

No. 7219SC434

(Filed 28 June 1972)

1. **Criminal Law § 18— appeal to superior court — failure of district court to sign judgment**

    Failure of the district judge to sign the judgment in a misdemeanor case did not deprive the superior court of jurisdiction to try defendant upon his appeal to that court.

2. **Criminal Law § 138— trial de novo in superior court — increased sentence**

    When a defendant voluntarily appeals to the superior court from a judgment of the district court and obtains a trial *de novo* upon a charge of which the district court had jurisdiction, the superior

court may impose a greater sentence than that imposed in the district court without violating defendant's constitutional rights, so long as the sentence imposed is within the maximum provided by statute.

APPEAL by defendant from *Johnston, Judge,* 14 February 1972 Session of Superior Court held in ROWAN County.

The record on appeal reveals that it was stipulated that the defendant was tried in district court upon a warrant charging him with the misdemeanor of larceny, was found guilty, and was sentenced to six months in prison. He appealed to superior court and there entered a signed written plea of guilty wherein he swore that he was guilty as charged. The trial judge found, upon competent evidence, that the defendant's plea of guilty was freely, understandingly and voluntarily entered. From a judgment of imprisonment for a term of eight months, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Graham M. Carlton for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant's contention that the district court judge's failure to sign the judgment rendered in district court deprived the superior court of jurisdiction to try the defendant upon his appeal is without merit. In misdemeanor cases, the failure of the trial judge to sign the judgment does not affect its validity. *State v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738 (1953); *State v. Case,* 12 N.C. App. 11, 182 S.E. 2d 19 (1971); 2 Strong, N. C. Index 2d, Criminal Law, § 18.

[2] The defendant also contends that the trial judge committed error in imposing a sentence of eight months, which was more severe (by two months) than the sentence imposed in the district court. This contention is also without merit. It has been consistently held by the Supreme Court of North Carolina and followed by the Court of Appeals that when a defendant voluntarily appeals to the superior court from a judgment of the district court and obtains a trial de novo upon a charge of which the district court had jurisdiction, the superior court may impose a prison sentence of longer duration than that imposed in the district court without violating the defendant's

constitutional rights, so long as the sentence imposed is within the maximum provided by statute. *State v. Speights,* 280 N.C. 137, 185 S.E. 2d 152 (1971); *State v. Waller,* 11 N.C. App. 434, 181 S.E. 2d 195 (1971), *cert. denied,* 279 N.C. 351. The sentence of eight months imposed in superior court on this charge of misdemeanor larceny is within the maximum punishment permitted by statute. G.S. 14-72 and G.S. 14-3(a).

Affirmed.

Judges CAMPBELL and BROCK concur.