STATE OF NORTH CAROLINA v. JOE HERMAN MARTIN

No. 7226SC562

(Filed 22 November 1972)

1. **Constitutional Law § 34; Criminal Law § 26— mistrial — plea of former jeopardy**
   An order of mistrial entered upon motion of the defendant in an assault case did not support defendant's plea of former jeopardy in a subsequent trial for the same offense.

2. **Criminal Law § 138— appeal from district court to superior court — increased sentence**
   The imposition of a greater sentence after a conviction on a misdemeanor charge of assault by a jury in the superior court, upon appeal from a district court, did not violate defendant's constitutional rights.

APPEAL by defendant from *Friday, Judge,* 3 January 1972 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in case No. 71-Cr-31432 in a warrant, proper in form, with the misdemeanor of assault with a deadly weapon and in case No. 71-Cr-31431 in a bill of indictment, proper in form, with the felony of assault with a deadly weapon with intent to kill, inflicting serious injuries, not resulting in death.

In case No. 71-Cr-31432, after his conviction in district court and the imposition of a six-months prison sentence, the defendant appealed to the superior court.

In superior court both of these cases were consolidated for trial without objection.

At the 8 November 1971 Session of Superior Court for the trial of criminal cases held in Mecklenburg County, the defendant was tried before a jury. After the jury had deliberated for approximately six hours, the defendant's motion for a mistrial was allowed and the court withdrew a juror and declared a mistrial.

At the 3 January 1972 Session of Superior Court held in Mecklenburg County for the trial of criminal cases, the defendant was again tried on both cases and was found guilty as charged in case No. 71-Cr-31432 and a prison sentence of two years was imposed, with a recommendation that the defendant be permitted to work under the Work Release Program. In case No. 71-Cr-31431, the defendant was found guilty of the felony of assault with a deadly weapon inflicting serious injury and a sentence was imposed of not less than four nor more than five years to begin at the expiration of the sentence imposed in case No. 71-Cr-31432. The execution of this latter sentence was suspended and the defendant was placed on probation for a period of five years.

The defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Chambers, Stein, Ferguson & Lanning by James E. Ferguson II and Karl Adkins for defendant appellant.*

MALLARD, Chief Judge.

[1]  The defendant's first assignment of error is that he was subjected to double jeopardy, in violation of his constitutional rights, for that he was retried on charges that he had been previously tried upon, at which former trial the jury had been unable to agree upon a verdict. This assignment of error is overruled. When the mistrial was ordered, the defendant not only made no objection but made the motion for the mistrial. The rule is that an order of mistrial entered upon motion of the defendant or with the defendant's consent will not support

a plea of former jeopardy. *State v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243 (1954). In *State v. Battle,* 279 N.C. 484, 183 S.E. 2d 641 (1971), Justice Sharp said:

> "However, the general rule is that an order of mistrial in a criminal case will not support a plea of former jeopardy. * * *

> When the jurors declare their inability to agree, it must be left to the trial judge, in the exercise of his judicial discretion, to decide whether he will then declare a mistrial or require them to deliberate further. * * * "

[2] Defendant's second assignment of error is that his constitutional rights were violated by the imposition in superior court of a greater sentence on the misdemeanor charge than that which he received in the district court. The district court had jurisdiction of the misdemeanor charge. G.S. 7A-272. Upon appeal to superior court, trial is *de novo.* It is not an appeal on the record. G.S. 7A-271(b). The imposition of a greater sentence after a conviction by a jury in the superior court, upon appeal from a district court, does not violate a defendant's constitutional rights. *Colten v. Kentucky,* 407 U.S. 104, 32 L.Ed. 2d 584, 92 S.Ct. 1953 (1972); *State v. Speights,* 280 N.C. 137, 185 S.E. 2d 152 (1971); *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970); *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970); *State v. Coffey,* 14 N.C. App. 642, 188 S.E. 2d 550 (1972), *cert. denied,* 281 N.C. 624.

Defendant has five other assignments of error relating to the charge of the court, the admission and exclusion of evidence, cross-examination of State's witnesses by the defendant, and the propounding of certain questions by the State. We have examined all of these assignments of error and are of the opinion that prejudicial error does not appear.

No error.

Judges BROCK and BRITT concur.