STATE OF NORTH CAROLINA v. BOBBY LEE TUGGLE

No. 7317SC80

(Filed 31 January 1973)

1. Criminal Law § 138— evidence considered in imposing sentence

The trial judge is not required to identify the various factors that may have influenced him in arriving at a sentence; therefore, it was not error for the court in a drunken driving case to consider defendant's driving record without indicating which part of the record, if any, was being considered in imposing sentence, particularly where defense counsel had an opportunity to address the court after furnishing the record.

2. Criminal Law § 138— greater sentence imposed upon appeal from district to superior court — no error

It was not error in a drunken driving case for the superior court to impose a sentence in excess of the one imposed in the district court where the six month sentence imposed was within the maximum limit allowed by law. G.S. 20-179(a)(1).

APPEAL by defendant from *Fountain, Judge,* 21 August 1972 Session of Superior Court held in ROCKINGHAM County.

Defendant was tried and convicted in the District Court of Rockingham County upon a warrant charging him with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. Judgment was entered imposing a jail sentence of four months and defendant appealed to Superior Court where he tendered a plea of guilty. His plea

was accepted after the court adjudged it "freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency." Judgment was entered imposing a jail sentence of six months and defendant appealed to this Court.

*Attorney General Morgan by Assistant Attorney General Melvin and Assistant Attorney General Ray for the State.*

*C. Orville Light for defendant appellant.*

GRAHAM, Judge.

Defendant directs his only complaints toward the sentence imposed.

[1]   First, defendant argues that it was error for the court to consider his driving record without indicating which part of the record, if any, was being considered in imposing sentence. This argument is without merit. We know of no requirement that a trial judge identify the various factors that may have influenced him in arriving at a sentence. Moreover, the record shows that counsel who represented defendant at trial furnished the written record to the judge and thereafter addressed the court. His remarks are not a part of the record, but he certainly had full opportunity to call to the court's attention any inaccuracy in defendant's driving record and to present any circumstances in mitigation of the sentence.

[2]   Secondly, defendant contends that it was impermissible for the Superior Court to impose a sentence in excess of the one imposed in the District Court. Similar contentions made in other cases have been repeatedly rejected. *State v. Speights,* 280 N.C. 137, 185 S.E. 2d 152; *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765; *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897; *State v. Oakley,* 15 N.C. App. 224, 189 S.E. 2d 605; *State v. Coffey,* 14 N.C. App. 642, 188 S.E. 2d 550. Also, see especially *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed. 2d 584.

The six month sentence imposed was within the maximum limit allowed by law. G.S. 20-179(a)(1). No error appears on the face of the record and we find,

No error.

Judges CAMPBELL and BROCK concur.