DOUGLAS EUGENE LAWRENCE v. STATE OF NORTH CAROLINA

No. 7327SC254

(Filed 23 May 1973)

**Constitutional Law § 32— indigent defendant — possible punishment in excess of six months — right to court appointed counsel**

Where eleven charges were made against defendant, six for issuing worthless checks in amounts below $50 and five for checks in amounts above $50, the indigent defendant was entitled to court-appointed counsel under G.S. 7A-451(a)(1) since, upon his fourth conviction for any of the charges against him, defendant could have been incarcerated for as long as two years as a general misdemeanant. G.S. 14-107.

ON *certiorari* from the order of *McLean, Judge,* entered at the 20 November 1972 Session of GASTON County Superior Court.

Defendant Lawrence was tried at the 4 January 1972 Criminal Session of Gaston County District Court on eleven charges of issuing worthless checks in violation of G.S. 14-107. Lawrence was not represented by counsel, and in open court he pleaded guilty to all eleven charges. Upon his pleas of guilty, judgments were entered sentencing Lawrence to active terms of four months on five of the charges and 30 days on the rest, all to run consecutively.

On 7 September 1972, defendant filed a petition for writ of habeas corpus alleging that he was illegally and unconstitutionally imprisoned on the grounds that (1) his constitutional rights had not been explained to him at the time of his arrest and at trial and (2) that his request for court-appointed counsel upon grounds of indigency had been improperly denied. Defendant's petition was heard by Judge McLean and denied on 22 November 1972. This Court allowed defendant's petition for writ of certiorari on 9 January 1973.

*Attorney General Morgan, by Associate Attorney Maddox, for the State.*

*Ramseur & Gingles, by Ralph C. Gingles, Jr., for plaintiff appellant.*

MORRIS, Judge.

The only question for our determination is whether defendant was entitled to court-appointed counsel at his trial.

On 12 June 1972 the Supreme Court of the United States held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed. 2d 530, 538 (1972). In denying defendant Lawrence's petition for writ of habeas corpus, Judge McLean held that since defendant was tried for the misdemeanor offenses prior to the *Argersinger* decision, and since the authorized punishment did not exceed six months' imprisonment or a five hundred dollar fine, defendant was not entitled to court-appointed counsel. At the time defendant Lawrence was tried and sentenced G.S. 7A-451(a)(1) provided that an indigent defendant was entitled to court-appointed counsel in "[a]ny felony case, and any misdemeanor case for which the authorized punishment exceeds six months imprisonment or a five hundred dollars ($500.00) fine."

Defendant contends that (1) *Argersinger* should be applied retroactively, and (2) irrespective of the application of *Argersinger,* taking the eleven charges against him together, which could and did result in imprisonment for more than six months, he was denied his rights under G.S. 7A-451(a)(1) as then in force.

In answer to defendant's second contention it was held in *State v. Speights,* 280 N.C. 137, 185 S.E. 2d 152 (1971), that an indigent defendant's Sixth Amendment right to counsel was not violated by the refusal of the trial court to appoint counsel to represent him in a trial of two petty misdemeanors arising out of the same incident even though the combined punishment for both offenses could have exceeded six months' imprisonment. Each offense was examined separately, and since neither exceeded the six months' limit, defendant was not entitled to appointed counsel.

Here defendant pleaded guilty to eleven counts of violating G.S. 14-107. G.S. 14-107 provides, in pertinent part, the following:

"Any person, firm or corporation violating any provision of this section shall be guilty of a misdemeanor and upon conviction shall be punished as follows:

(1) If the amount of such check or draft is not over fifty dollars ($50.00), the punishment shall be by a fine not to exceed fifty dollars ($50.00) or imprisonment for not more than 30 days. *Provided, however, if such person has been convicted three times of violating G.S. 14-107, he shall on the fourth and all subsequent convictions be punished in the discretion of the district or superior court as for a general misdemeanor.*

(2) If the amount of such check or draft is over fifty dollars ($50.00), the punishment shall be by a fine not to exceed five hundred dollars ($500.00) or imprisonment for not more than six months, or both. *Provided, however, if such person has been convicted three times of violating G.S. 14-107, he shall on the fourth and all subsequent convictions be punished in the discretion of the district or superior court as for a general misdemeanor."* (Emphasis supplied.)

As to punishment upon conviction of a misdemeanor, G.S. 14-3 (a) provides, in pertinent part:

"[E] very person who shall be convicted of any misdemeanor for which no specific punishment is prescribed by statute shall be punishable by fine, by imprisonment for a term *not exceeding two years,* or by both, in the discretion of the court." (Emphasis supplied.)

Of the eleven charges against defendant Lawrence under G.S. 14-107, six were for issuing worthless checks in amounts below $50 and five were for amounts above $50. In any event, upon his fourth conviction for any of these, defendant could have been incarcerated for as long as two years as a general misdemeanant. We are of the opinion that defendant, faced initially with eleven charges of violating G.S. 14-107 consolidated for trial, was entitled to court-appointed counsel, absent a knowing and intelligent waiver. This result, in our opinion, is required by reason of the punishment provisions of G.S. 14-107, and decision is not inconsistent with *State v. Speights, supra.* For the reason stated, defendant must be given a new trial.

We do not reach the question of whether *Argersinger* applies retroactively, nor do we discuss the fact that the record

does not meet the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), with respect to the voluntariness of the pleas of guilty.

New trial.

Judges BRITT and VAUGHN concur.