STATE OF NORTH CAROLINA v. JOSEPH DEAS, JR.

No. 7429SC1020

(Filed 2 April 1975)

1. **Criminal Law § 102— jury argument of solicitor — reference to races of defendant and prosecuting witness — no prejudice**

   In a prosecution for assault with intent to commit rape where the black defendant contended that he and the white prosecuting witness had registered as man and wife at a motel on another occasion but the motel operator testified that he did not recall seeing defendant come to the motel, defendant was not prejudiced by the solicitor's jury argument that, had the motel operator "seen a white woman in the car and this man was registering as man and wife, he would have remembered it because it don't happen in Transylvania County; it may happen in Charlotte, but it don't happen in Transylvania County."

2. **Constitutional Law § 34; Criminal Law § 26— mistrial to employ other counsel — no double jeopardy**

   Defendant was not placed in double jeopardy by being twice tried for the same offense where, at the first trial of the case, defendant voluntarily consented to a mistrial in order to employ other counsel.

APPEAL by defendant from *Snepp, Judge.* Judgments entered 12 July 1974, Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 14 February 1975.

Defendant was charged in separate bills of indictment with burglary and assault on a female with intent to commit rape. In open court the solicitor for the State announced that he would seek a verdict of guilty of second degree burglary, and thereupon

defendant entered a plea of not guilty. Defendant also pleaded not guilty to the charge of assault on a female with intent to commit rape.

Phyllis Hamilton testified for the State that on 20 May 1973, she was employed as a waitress at Connestee Falls. She got off work and went home to her apartment where her fiance visited with her until 12:45 a.m. After he left, Miss Hamilton locked the door, undressed, and went to bed. She was awakened by someone in the room. She testified that someone was on top of her and was hitting her while she screamed; that the person moved his hands under the covers and onto her private parts; that she struggled and scratched him on the neck; and that he ran out of the room after being pushed off the bed. She called the police but was unable to identify the person. On cross-examination, she testified that she worked with defendant and that she did not complain when he frequently talked to her and put his arm around her.

According to Deputy Sheriff Brown, defendant made a statement to him which indicated the following events. Defendant went to the home of Miss Hamilton and was invited in by her. They were in the bedroom talking about sex, and she stated that she wanted $100.00 to have sexual relations with him. When defendant told her that he had only $75.00, she threatened to scream if he didn't come up with the other $25.00. She screamed and then bit defendant when he placed a hand over her mouth. Defendant hit her with his fist.

Defendant testified that Miss Hamilton was one of the waitresses that would tease and play around with him. The white waitresses bothered him and interfered with his work, and, according to defendant, he complained to the management that he could not do his work. Defendant's testimony indicated that he and Miss Hamilton had met on other occasions, and on one occasion they had gone to a motel in Brevard where they stayed about an hour and a half and talked. He further testified that Miss Hamilton let him into her apartment and asked him if he had $100.00. Defendant told her he had only $75.00, and she threatened to scream. Defendant stated that he put his hand over her mouth but denied placing his hands on her private parts. When she bit him, defendant said he couldn't pull loose so he hit her on the head with his hand.

Further facts pertinent to the disposition of this case are discussed in the opinion.

*Attorney General Edmisten, by Associate Attorney Archie W. Anders and Associate Attorney Robert W. Kaylor for the State.*

*Sanders, Walker & London, by Robert G. McClure, Jr., and Robert P. Johnston, for defendant appellant.*

MARTIN, Judge.

[1] Counsel for defendant earnestly argues that defendant was denied a fair trial as a result of the district attorney's appeal to racial prejudice. It appears from the record that defendant is a black male and Miss Hamilton is white.

On direct examination defendant testified that he and Miss Hamilton had previously gone to a motel in Brevard where defendant registered them in his name and his wife's name. The operator of the motel testified that he had found a registration card bearing the names of defendant and his wife but that he didn't remember Deas coming to the motel. Defendant places much emphasis on the following statement made by the district attorney during jury argument:

> "If he had seen a white woman in the car and this man was registering as man and wife, he would have remembered it because it don't happen in Transylvania County; it may happen in Charlotte, but it don't happen in Transylvania County."

Following the above statement, defendant objected, and the trial court stated, "Stick to the record."

It is argued that the above quote improperly evoked racial prejudice when viewed in the context of the case. The State argues that the district attorney's comment was designed to rebut defendant's assertions that he and Miss Hamilton had registered at a motel. Miss Hamilton, the State points out, denied that she had ever been to the motel with defendant, and the operator of the motel could not recall seeing defendant and a white woman.

> "The manner of conducting the argument of counsel, the language employed, the temper and tone allowed, must be left largely to the discretion of the presiding judge. He sees what is done, and hears what is said. He is cognizant of all the surrounding circumstances, and is a better judge of

State v. Deas

the latitude that ought to be allowed to counsel in the argument of any particular case. It is only in extreme cases of the abuse of the privilege of counsel, and when this is not checked by the court, and the jury is not properly cautioned, this Court can intervene and grant a new trial." *State v. Thompson,* 278 N.C. 277, 179 S.E. 2d 315 (1971) ; *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424 (1955) ; *State v. Bryan,* 89 N.C. 531.

See also *State v. Sparks,* 285 N.C. 631, 207 S.E. 2d 712 (1974).

It should be noted that we do not have the benefit of the trial court's charge to the jury. Nevertheless, we have considered the district attorney's argument to the jury in the context of the case as it may relate to (1) provoking racial prejudice and (2) making arguments not based on the evidence. We find no abuse of discretion and no prejudicial error entitling defendant to a new trial.

[2]    Before entering pleas to the charges, defendant moved to quash the bills of indictment for the reason that he had been placed in double jeopardy by being twice tried for the same offense. At the first trial defendant's counsel had requested to withdraw from the case. At that time, defendant was questioned by the trial court, and it was revealed that defendant desired to employ an attorney from Charlotte and voluntarily consented to a mistrial in order to employ other counsel. "The rule is that an order of mistrial entered upon motion of the defendant or with the defendant's consent will not support a plea of former jeopardy." *State v. Martin,* 16 N.C.App. 609, 192 S.E. 2d 596 (1972). "Even where . . . all the elements of jeopardy appear, a plea of former jeopardy will not prevail where the order of mistrial was properly entered for 'physical necessity or for necessity of doing justice.' " *State v. Cutshall,* 278 N.C. 334, 180 S.E. 2d 745 (1971). Defendant's assignment of error in this regard is overruled.

We have carefully considered defendant's remaining assignments of error and are of the opinion that prejudicial error does not appear.

No error.

Judges PARKER and VAUGHN concur.