STATE OF NORTH CAROLINA v. CLYBURN LEROY MOSES

No. 7220SC670

(Filed 20 September 1972)

1. **Constitutional Law § 32— failure to appoint counsel until after jury empaneled**

    The trial court erred in failing to determine defendant's indigency and to appoint counsel for him until after he had entered his plea and the jury had been selected, sworn and empaneled. G.S. 7A-450 et seq.

2. **Constitutional Law § 32—duty to determine indigency**

    Where a defendant is charged with a felony or a serious misdemeanor, it is the duty of the trial judge to (1) settle the question of indigency, and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived.

3. **Constitutional Law § 32— waiver of counsel — silent record**

    Waiver of counsel may not be presumed from a silent record.

APPEAL by defendant from *Collier, Judge,* 8 May 1972 Session of Superior Court held in STANLY County.

Defendant was convicted in District Court of assault with a deadly weapon. Judgment was entered imposing a six month prison sentence to be suspended upon the payment of a fine of $100.00 and the costs. Defendant appealed to Superior Court.

The case came on for trial in Superior Court on 9 May 1972. Defendant, who was not represented by counsel when the case was called for trial, entered a plea of not guilty on his own behalf. The record indicates that after the jury had been selected and was sworn and empaneled, the court stated: "I'm going to appoint Mr. E. H. Morton, Jr., to sit with Mr. Moses." Mr. Morton appeared as counsel for the defendant during the remainder of the trial. The jury returned a verdict of "guilty" and judgment was entered imposing an active prison sentence of not less than eighteen nor more than twenty-four months. Defendant gave notice of appeal, was adjudged an indigent in an order dated 11 May 1972, and Mr. Morton was appointed to represent him in his appeal.

*Attorney General Morgan by Assistant Attorney General Dew for the State.*

*Coble, Morton & Grigg by Ernest H. Morton, Jr., for defendant appellant.*

GRAHAM, Judge.

[1]   Defendant assigns as error the court's failure to determine his indigency and appoint counsel for him until after he had entered his plea and the jury had been selected, sworn and empaneled. The assignment of error must be sustained.

[2]   Defendant was tried and convicted of a misdemeanor punishable by a fine, imprisonment for a maximum of two years, or both. G.S. 14-33(c)(2). If an indigent person, defendant was entitled to have counsel provided by the State to represent him during *any critical stage of the action or proceeding.* G.S. 7A-450 *et seq.* Where a defendant is charged with a felony or a serious misdemeanor, it is the duty of the trial judge to "(1) settle the question of indigency, and (2) if defendant is indigent, appoint counsel to represent him unless counsel is knowingly and understandingly waived." *State v. Morris,* 275 N.C. 50, 60, 165 S.E. 2d 245, 251-252.

[3]   It does not appear from the record that defendant ever waived his right to counsel. Waiver of counsel may not be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 8 L.Ed. 2d 70, 82 S.Ct. 884 (1962). Neither does it appear that the question of defendant's indigency was settled at any time before or during the trial. It does appear that defendant did not have the assistance of counsel during critical stages of the prosecution. The State argues that since defendant's plea was "not guilty," no prejudice could have resulted from his not being afforded counsel before the plea was entered. Assuming, without deciding, that this is true, the fact remains that defendant did not have the assistance of counsel in selecting the jury. It cannot be presumed that no prejudice resulted from his not having counsel provided him during this important stage of the proceeding.

New trial.

Judges PARKER and VAUGHN concur.