## STATE v. BROWN

[325 N.C. 427 (1989)]

STATE OF NORTH CAROLINA v. DUANE LEE BROWN

No. 612A87

(Filed 5 October 1989)

**Constitutional Law § 40 (NCI3d)— capital case—indigent defendant—failure to appoint assistant counsel**

The trial court committed prejudicial error in failing to appoint assistant counsel to represent an indigent defendant in a capital trial instead of merely allowing a paralegal to aid defendant's appointed attorney "in legal research and filing defense motions." N.C.G.S. § 7A-450(b1).

**Am Jur 2d, Criminal Law §§ 976, 977.**

APPEAL of right by defendant from a judgment entered by *Allen, J.*, at the 19 October 1987 Criminal Session of Superior Court, DURHAM County, sentencing him to death upon his conviction for the offense of first degree murder. Decided in the Supreme Court upon the record and briefs, without oral argument, pursuant to N.C.R. App. P. 30(f).

*Lacy H. Thornburg, Attorney General, by Thomas J. Ziko, Assistant Attorney General, for the State.*

*Thomas F. Loflin III for defendant-appellant.*

PER CURIAM.

Defendant was convicted of first degree murder and sentenced to death. Prior to trial, upon finding that defendant was indigent, the district court appointed Arthur Vann of the Durham County Bar to represent him. Mr. Vann was the only licensed attorney who represented defendant at trial. The record establishes, and the State does not dispute, that upon Mr. Vann's motion Judge James Beaty did not appoint "assistant counsel" to appear for defendant, but instead allowed a paralegal to aid Mr. Vann "in legal research and filing defense motions."

N.C.G.S. § 7A-450(b1) provides, in pertinent part: "An indigent person indicted for murder may not be tried where the State is seeking the death penalty without an assistant counsel being appointed in a timely manner." N.C.G.S. § 7A-450(b1) (1986). We have noted that this statute "reflects a special concern for the adequacy

of legal services received by indicted indigents who face the possibility of the death penalty," and have held that it is "clearly mandatory." *State v. Hucks*, 323 N.C. 574, 577, 579, 374 S.E.2d 240, 242, 244 (1988). The failure to appoint additional counsel "violate[s] the mandate of N.C.G.S. § 7A-450(b1) and [is] prejudicial error per se." *Id.* at 581, 374 S.E.2d at 245. Where this statutory mandate is violated, we do not engage in harmless error analysis. *Id.* at 580, 374 S.E.2d at 244.

Assuming, without deciding, that a defendant in a capital trial may waive the right to assistant counsel, he may do so only "if the waiver is made knowingly and intelligently." *Id.* at 580, 374 S.E.2d at 244. Further, waiver of counsel may not be presumed from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 515, 8 L.Ed.2d 70, 77 (1962); *State v. Moses*, 16 N.C. App. 174, 191 S.E.2d 368 (1972). *See also* N.C.G.S. § 7A-457 (1986) (indigent defendant may waive counsel "if the Court finds of record" that the defendant "acted with full awareness of his rights and of the consequences of the waiver"); N.C.G.S. § 15A-603 (1988). The record here is silent as to whether defendant knowingly and intelligently waived his right to assistant counsel provided by N.C.G.S. § 7A-450(b1). We thus cannot conclude that a waiver occurred.

Accordingly, defendant must be awarded a new trial.

New trial.